■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v CHARLES MUNOZ, Respondent. [615 NYS2d 730] —Appeal by the People from an order of the Supreme Court, Queens County (Beerman, J.), dated October 5, 1992, which granted that branch of the defendant's omnibus motion which was to dismiss Queens County Indictment No. 3273/92, charging him with burglary in the first degree (two counts), burglary in the second degree (two counts), attempted robbery in the second degree (two counts), burglary in the third degree, and assault in the second degree, on the ground that he was denied his right to appear and testify before the Grand Jury pursuant to CPL 190.50.

Ordered that the order is reversed, on the law, the branch of the defendant's motion which was to dismiss the indictment on the ground that the defendant was denied his right to appear and testify before the Grand Jury is denied, the indictment is reinstated, and the matter is remitted to the Supreme Court, Queens County, for further proceedings.

On July 18, 1992, the defendant allegedly entered a building, struck an off-duty police officer on the head, and attempted to rob him at gunpoint. When the officer resisted, shots were fired, and the defendant was wounded. Thereafter,

the defendant was arrested and transported to Jamaica Hospital. After attempting unsuccessfully to arraign the defendant in the hospital on the felony complaint that they had filed with the Criminal Court on the day of his arrest, the People submitted the defendant's case to the Grand Jury on July 23, 1992, in order to forestall his release under CPL 180.80. On the same day, the Grand Jury voted a true bill containing the charges enumerated above. At no time did the People serve the defendant with notice pursuant to CPL 190.50, nor did the defendant ever serve notice of his intention to testify before the Grand Jury.

By the plain language of CPL 190.50 (5) (a), "The district attorney is not obliged to inform * * * a person that * * * a grand jury proceeding against him is pending, in progress or about to occur unless such person is a defendant *who has been arraigned in a local criminal court* upon a currently undisposed of felony complaint charging an offense which is a subject of the prospective or pending grand jury proceeding. In such case, the district attorney must notify the defendant or his attorney of the prospective or pending grand jury proceeding and accord the defendant a reasonable time to exercise his right to appear as a witness therein" (emphasis supplied).

It is an axiom of statutory construction that the legislative intent is to be ascertained from the language used, and that where the words of a statute are clear and unambiguous, they should be literally construed (McKinney's Cons Laws of NY, Book 1, Statutes §§ 76, 94). Here, the plain language of the statute compels the conclusion that the prosecutor had no duty to inform the defendant of his right to testify before the Grand Jury, as he was not arraigned in a local criminal court upon the felony complaint *(see, People v Roberson,* 149 AD2d 926; *People v LaBounty,* 127 AD2d 989). Had the Legislature intended to impose a duty on the prosecutor to notify the defendant in circumstances such as those at bar, it would have said so. Lawrence, J. P., O'Brien, Copertino and Friedmann, JJ., concur.