OPINION OF THE COURT
Anne G. Feldman, J.
Defendant moves to dismiss the indictment pursuant to CPL 210.20 and 210.25 on the grounds that he was denied the right to testify before the Grand Jury pursuant to CPL 190.50 (5) (a). *359 Defendant’s counsel, attorneys from the Capital Defender Office, assert that their assignment to represent defendant in connection with an order to show cause seeking to place defendant in a lineup triggered the requirement that the prosecution notify defendant of a Grand Jury proceeding.
Defendant is charged with murder in the first degree arising out of an incident occurring on February 27, 1996. On June 10, 1996, defendant was returned to New York after having been arrested in Florida on an outstanding warrant for a violation of parole. On June 18, 1996, the People moved by order to show cause to compel defendant’s participation in a lineup. Because the court was informed that this case was a potential death penalty case, the Capital Defender Office was notified on June 19 and asked to represent defendant. On June 20, the order to show cause was argued before the court and granted. On June 21, the lineup was conducted with defense counsel in attendance. On June 25, 1996, without notification to the defendant of a Grand Jury presentation, an indictment was filed. Defendant was subsequently arraigned on that indictment on July 2, 1996.
The right of a defendant to testify before the Grand Jury is purely statutory and has no constitutional implications (see, People v Smith, 87 NY2d 715, 719). Pursuant to CPL 190.50 (5) (a) the District Attorney is not obligated to provide defendant with notice of a Grand Jury proceeding unless defendant "has been arraigned in a local criminal court upon a currently undisposed of felony complaint charging an offense which is a subject of the prospective or pending grand jury proceeding” (emphasis supplied). An arraignment is defined as "the occasion upon which a defendant against whom an accusatory instrument has been filed appears before the court in which the criminal action is pending for the purpose of having such court acquire and exercise control over his person with respect to such accusatory instrument and of setting the course of further proceedings in the action” (CPL 1.20 [9] [emphasis supplied]). Under CPL 1.20 (8) a felony complaint is an accusatory instrument defined as "a verified written accusation by a person * * * filed with a local criminal court, which charges one or more defendants with the commission of one or more felonies and which serves to commence a criminal action but not as a basis for prosecution thereof’.
The language of CPL 190.50 (5) (a) and the applicable definitions are clear and unambiguous and should be "literally construed” (see, People v Munoz, 207 AD2d 418, 419). The as *360 signment of defense counsel to contest an order to show cause and subsequently to represent defendant’s interests at a lineup is not the equivalent of an arraignment on a felony complaint. Accordingly, the notification requirement of CPL 190.50 (5) (a) was never activated.
The court agrees with the prosecution that had the Legislature intended to extend or qualify the statutory requirements of CPL 190.50 and provide special provisions for a capital case, it would have done so by amending the statute.
Accordingly, defendant’s motion to dismiss the indictment is denied.