OPINION OF THE COURT
Abraham G. Gerges, J.
Defendant moves to dismiss the indictment on the grounds that: (1) the evidence before the Grand Jury was insufficient; *940 (2) attempted murder in the first degree under Penal Law § 125.27 (1) (a) (viii) is not a cognizable crime in the absence of at least one death; and (3) the three counts of attempted murder in the first degree in the indictment are multiplicitous.
In determining this motion, the court has considered defendant’s original motion, the People’s affirmation in opposition, defendant’s reply memorandum, the People’s letter in response, the court’s directive to the parties, the memoranda submitted in response by the People and the defendant, and the record of proceedings of the New York State Assembly on March 6, 1995, in reference to the death penalty. The court has also considered the Grand Jury minutes and the medical records in evidence before the Grand Jury.
On January 1, 1997, defendant shot his wife, Kenya Galan, and then shot three of their children in the next room. None of these individuals died. Defendant was indicted for three counts of attempted murder in the first degree (Penal Law §§ 110.00, 125.27 [1] [a] [viii]), four counts of attempted murder in the second degree, and related assault and weapon counts.
Inspection of Grand Jury Minutes
A Grand Jury may indict a person for an offense when the evidence presented is legally sufficient to establish that the person committed the charged offense (CPL 190.65 [1]; People v Pelchat, 62 NY2d 97, 105). " 'Legally sufficient evidence’ ” means "evidence which, if accepted as true” by the Grand Jury, "would establish every element of the offense and the defendant’s commission of it” (People v Pelchat, supra; CPL 70.10 [1]). The test for legal sufficiency for Grand Jury purposes is whether the evidence, if uncontradicted, would warrant conviction by a trial jury (supra).
The Assistant District Attorney is the legal advisor to the Grand Jury, and must charge the grand jurors on the law applicable to the matter before them (CPL 190.25 [6]; People v Valles, 62 NY2d 36, 38). The Assistant District Attorney must instruct the Grand Jury in sufficient detail so that they can determine whether a crime was committed and whether the evidence was legally sufficient (People v Valles, supra).
The court has inspected the Grand Jury minutes, and has read the medical records introduced into evidence. The evidence presented to the Grand Jury was legally sufficient to establish all counts of the indictment except count 17 (see, People v Pelchat, supra). The Assistant District Attorney correctly charged the Grand Jury with respect to the applicable law (see, People v Valles, supra).
*941 Count 17 of the indictment charges defendant with criminal possession of a weapon in the third degree, based on possessing a firearm and having previously been convicted of a crime. A certificate of disposition was placed into evidence, indicating that one Ceasar Fernandez had been sentenced on April 12, 1996, for unlicensed operation of a vehicle in the second degree.
A certificate of conviction constitutes presumptive evidence of the facts stated in such certificate (CPL 60.60 [1]). While the certificate is evidence that a person named Ceasar Fernandez has a prior conviction, it does not constitute prima facie evidence that the defendant is the person referred to in the certificate (People v Van Buren, 82 NY2d 878, 880). The certificate, standing alone, is therefore insufficient to establish defendant’s prior conviction.
The motion to dismiss count 17 of the indictment is granted. (Because the indictment already contains a count of criminal possession of a weapon in the fourth degree, reducing rather than dismissing count 17 would serve no useful purpose.) The motion to dismiss all counts of the indictment other than count 17 is denied.
Cognizability of Attempted Murder in the First Degree
A person is guilty of an attempt to commit a crime when, with intent to commit a crime, the person engages in conduct which tends to effect the commission of such crime (Penal Law § 110.00; People v Saunders, 85 NY2d 339, 342). An attempt is an act done with the specific intent to commit some other crime (People v Coleman, 74 NY2d 381, 383). The essence of criminal attempt is the defendant’s intention to bring about the result proscribed by the statute (People v Campbell, 72 NY2d 602, 605).
What is in a person’s own mind is the basis for determining that person’s dangerousness to society (see, People v Saunders, supra, 85 NY2d, at 344; People v Dlugash, 41 NY2d 725, 734). A person’s objectives and actions can constitute "a danger to organized society of sufficient magnitude to warrant the imposition of criminal sanctions” even when the intended goal is not achieved (People v Saunders, supra, at 344; People v Miller, 87 NY2d 211, 215).
In penal statutes containing a "result” element, it is legally impossible to commit an attempt if the underlying crime imposes responsibility for causing a wholly unintended result (People v Campbell, supra, 72 NY2d, at 606). A crime is attemptable so long as the element of intent is present, and relates to the result proscribed by the statute (supra).
*942 A person is guilty of intentional murder in the second degree when "[w]ith intent to cause the death of another person, he causes the death of such person or of a third person” (Penal Law § 125.25 [1]). Because the statute contains the element of intent to cause death, and death is the result proscribed by the statute, intentional murder in the second degree is an attempt-able crime (People v Dlugash, supra, 41 NY2d, at 738).
Murder in the first degree is defined in Penal Law § 125.27. In 1995 (L 1995, ch 1), the Legislature enacted major revisions to this statute to make persons convicted of murder in the first degree eligible for the death penalty. The core crime of intentional murder is elevated to the capital offense of murder in the first degree by various aggravating factors specified in the statute (see, Penal Law § 125.27; Donnino, Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law § 125.27, 1997 Pocket Part, at 339).
Defendant is charged in the indictment under Penal Law §§ 110. 00 and 125.27 (1) (a) (viii) with three counts of attempting to cause the death of one person and, as part of the same criminal transaction, attempting to cause the death of an additional person.
Penal Law § 125.27 (1) (a) (viii), in pertinent part, provides that:
"A person is guilty of murder in the first degree when:
"1. With intent to cause the death of another person, he causes the death of such person or of a third person; and * * *
"(viii) as part of the same criminal transaction, the defendant, with intent to cause serious physical injury to or the death of an additional person or persons, causes the death of an additional person or persons”.
The core definition of murder in the first degree, i.e., with intent to kill a person, killing a person, is identical to the definition of intentional murder in the second degree (see, Penal Law § 125.25 [1]). Since intentional murder in the second degree can be charged as an attempt, the core conduct of intentional murder in the first degree, as set out in the main clause of Penal Law § 125.27, can be attempted (see, People v Dlugash, supra, 41 NY2d, at 738).
The issue presented by the specific facts of this case is whether attempted murder in the first degree under Penal Law § 125.27 (1) (a) (viii) is a cognizable crime when the conduct in the aggravating factor, i.e., causing an additional death or deaths, is also attempted. The court can find no specific legisla *943 tive guidance as to this issue. While this issue would be better addressed by the Legislature, this court must determine the issue in order to decide this case.
The aggravating factor clause of Penal Law § 125.27 (1) (a) (viii), as it pertains to this case,[1] contains the mental state of intent to cause death, and the result of causing death. Because the intent in this clause relates to the result of death, charging this clause of the statute as an attempt does not raise the problem of attempting a crime with an unintended result (see, People v Campbell, supra, 72 NY2d, at 806). Precedent regarding the law of attempt therefore would not prevent this clause of the statute from being charged as an attempt.
One of the purposes of the Penal Law is to differentiate between offenses on the basis of their seriousness (Penal Law § 1.05 [4]). In enacting Penal Law § 125.27 (1) (a) (viii), the Legislature differentiated between the intentional killing of several people within the same criminal transaction, and the intentional killing of several people in multiple unrelated criminal transactions. Killing many people in one criminal transaction is so serious an offense that it constitutes a capital offense. Multiple killings in separate criminal transactions are not capital murder, but are several counts of murder in the second degree.
These statutory distinctions indicate that the Legislature considered intentional killings in one single criminal transaction to be more serious than killings in unrelated transactions.
The seriousness of an attempt to commit a crime depends upon the seriousness of the crime being attempted (see, People v Miller, 87 NY2d 211, 215, supra). Just as the intentional killing of many people in the same criminal transaction is considered more serious than the killing of numerous individuals in separate incidents, so, too, the attempt to kill many people in a single criminal transaction is a more serious crime than attempting to kill several individuals not in the same transaction. Therefore, as a more serious crime, attempting to kill many people in one criminal transaction should be penalized at a higher level than when not part of a single criminal transaction.
*944 In . addition, the law of attempt was devised to impose criminal responsibility upon a person for the crime that person intended to commit, even if he or she does not succeed in accomplishing that objective (see, People v Saunders, 85 NY2d 339, 374, supra).
Determining that Penal Law § 125.27 (1) (a) (viii) could not be charged as an attempt when no deaths are caused would give an undeserved benefit to a defendant who intentionally attempts to kill many people in one transaction but fails to do so because of ineptness. An individual who attempts to commit capital murder should receive punishment based on the seriousness of the crime being attempted, even though the attempt is ultimately unsuccessful (see, People v Saunders, supra).
In this case, the Grand Jury found that defendant attempted to kill four people, all in the same criminal transaction. But for defendant’s imperfect aim, he would be facing a capital charge. This is a sufficient undeserved benefit. Defendant’s lack of skill should not enable him to evade potential punishment at the level of seriousness of the crime he was attempting to commit.
Since the defendant attempted to kill four people in the same transaction, and killing many people in one transaction is worse than killing people in separate incidents, the Grand Jury appropriately charged defendant with attempted murder in the first degree.
The motion to dismiss counts 1 through 3 on grounds that attempted murder in the first degree is not a legal charge under the circumstances of this case is denied.
Multiplicity of Counts 1 through 3
Each count of an indictment may charge only one offense (CPL 200.30 [1]). If a count charges more than one offense, the count is duplicitous, and must be dismissed. Duplicitous counts are prohibited to prevent double jeopardy, to ensure a defendant’s due process right to notice, and to ensure the unanimity of a jury’s verdict (see, People v Davis, 72 NY2d 32, 38; People v Keindl, 68 NY2d 410, 418).
The converse of duplicity is multiplicity, the charging of the same single offense in multiple counts (see, People v Kindlon, 217 AD2d 793, 795; People v Senisi, 196 AD2d 376, 382; People v Kaszovitz, 167 Misc 2d 638, 641). One danger of multiplicitous counts is the imposition of multiple sentences for the same offense (People v Riela, 7 NY2d 571, 578; see also, People *945 v Smith, 113 AD2d 905, 908). Another concern is that charging the same offense in multiple counts may create the prejudicial impression that a defendant has been accused of committing more crimes than the defendant has in fact committed (People v Horne, 121 Misc 2d 389, 383; United States v Wiehl, 904 F Supp 81, 84).
Defendant is charged with three counts of attempted murder in the first degree under Penal Law § 125.27 (1) (a) (viii). Each count charges defendant with attempting to kill his wife and, as part of the same criminal transaction, attempting to kill one child. The three counts differ from each other by naming a different child in the aggravating factor.
The issue is whether the three counts charge the same offense and are therefore multiplicitous or, conversely, whether charging all three attempted murders in the first degree in one count would be duplicitous.
Whether counts are multiplicitous or duplicitous is largely a question of statutory construction (see, People v First Meridian Planning Corp., 86 NY2d 608, 616). Statutes are construed to reflect the intent of the Legislature in enacting them (People v Finnegan, 85 NY2d 53, 58; McKinney’s Cons Laws of NY, Book 1, Statutes § 92). Legislative intent can sometimes be derived directly from the language of the statute itself (see, People v Walker, 81 NY2d 661, 665; People v Munoz, 207 AD2d 418, 419). When the language of a statute is clear and unambiguous, the statute is given effect according to the plain meaning of the words, without further examination of legislative intent (People v Finnegan, supra, 85 NY2d, at 58; People v Walker, supra, 81 NY2d, at 666; McKinney’s Cons Laws of NY, Book 1, Statutes § 76).
Every word or phrase in a statute is presumed to have meaning, and to have been inserted by the Legislature into the statute for a purpose (People v Giordano, 87 NY2d 441, 448; McKinney’s Cons Laws of NY, Book 1, Statutes § 231). Statutes should not be construed in a way that would make a word or phrase superfluous (People v Giordano, supra). Ordinary words in a statute are to be given their usual and commonly understood meaning, unless the statute itself makes clear that a different meaning is intended (People v Cruz, 48 NY2d 419, 428; McKinney’s Cons Laws of NY, Book 1, Statutes § 232).
Murder in the first degree under Penal Law § 125.27 (1) (a) (viii), as relevant to this case, is defined as the intentional killing of one person and, in the same criminal transaction, with intent to kill an "additional person or persons,” killing an "ad *946 ditional person or persons” (see, Penal Law § 125.27 [1] [a] [viii] [emphasis added]).
The phrase "criminal transaction” is not defined in Penal Law § 125.27.[2] Since the statute does not indicate that a different specific meaning is intended, "transaction” should be given its ordinary meaning (see, People v Cruz, supra, 48 NY2d, at 428).
"Transaction” is a word used in everyday conversation. In general, a transaction is the process of carrying out some activity. A transaction thus begins with the first act of an activity, continues while the activity is being carried out, and ends with the act which concludes the activity.
A "criminal transaction” would therefore be the process of carrying out some criminal activity, beginning with the first act of the criminal activity in question, and continuing until the criminal activity is carried out and the transaction completed.
A crime which can be committed by multiple acts, and can be characterized as a continuing offense over a period of time, is considered a " 'continuing crime’ ” (People v Shack, 86 NY2d 529, 540; People v Keindl, supra, 68 NY2d, at 421). Since a criminal transaction continues from the first act to the last act of a criminal activity, use of the phrase "criminal transaction” in Penal Law § 125.27 (1) (a) (viii) to define murder in the first degree indicates that murder in the first degree under this clause is a continuing crime.
Penal Law § 125.27 (1) (a) (viii) contains another phrase which indicates that murder in the first degree is a continuing crime.
The phrase "person or persons” is repeated twice in the aggravating factor clause of the statute: once for the element of intent and once for the element of causing death (Penal Law § 125.27 [1] [a] [viii]).
Under the General Construction Law, words in the singular include the plural (General Construction Law § 35; People v Buckley, 75 NY2d 843, 846). If the statute used only the word *947 "person”, it would therefore be possible to interpret "person” in the singular as including more than one person. "Persons” would thus seem on its face to be an unnecessary and superfluous word. Since every phrase in a statute is presumed to have a purpose, and should not be construed as superfluous (see, People v Giordano, supra, 87 NY2d, at 448), the repeated use of "persons” is significant. The explicit use of "person or persons” and the repetition of the phrase emphasize that more than one person can be included in the aggravating factor clause. The phrase "person or persons” therefore is another indication that murder in the first degree is one continuing crime, beginning with the killing of the first person and continuing until the last person is killed.
This analysis of the statutory language would apply to the attempted crime as well as to the completed crime. Since murder in the first degree under this clause is a continuing crime, attempted murder in the first degree under Penal Law § 125.27 (1) (a) (viii) is also a continuing crime.
In the present case, defendant is alleged to have attempted to kill his wife and children by first shooting his wife in the chest, then shooting his three children, and then shooting his wife again. Defendant’s shootings of his wife and children constitute one continuing crime, beginning with the first shooting of his wife, continuing through the shootings of the children, and ending with the second shooting of his wife, all as part of one criminal transaction. Under the facts of this case, defendant is chargeable with having committed the continuing crime of attempted murder in the first degree under Penal Law § 125.27 (1) (a) (viii).
When a crime is a continuing crime, charging the acts which constitute the crime in separate counts creates multiplicitous counts, and is therefore improper (see, People v First Meridian Planning Corp., 86 NY2d 608, 616, supra). Defendant’s attempts to kill his wife and children constitute one single crime — the continuing crime of attempted murder in the first degree. The three counts of attempted murder in the first degree in the indictment, each including defendant’s wife and a different one of his children, are therefore multiplicitous.
Multiplicity does not require dismissal of all three counts of attempted murder (see, People v Smith, 113 AD2d 905, 908, supra). Multiplicity may be remedied by an election of counts by the prosecution or by consolidating the counts (see, People v Horne, 121 Misc 2d 389, 394, supra).
*948 Counts 1 through 3 of the indictment are multiplicitous and will be dismissed unless the Assistant District Attorney makes an election of counts or moves to consolidate the counts, within 20 business days of the receipt of this decision.

. The aggravating factor clause of the statute includes an alternate mental state of intent to cause serious physical injury. Since this mental state relates to an unintended result (death), conduct involving this mental state cannot be charged as an attempt (see, People v Campbell, 72 NY2d 602, supra). In this case, the People have limited the charges to "intent to cause death.”

. The phrase "criminal transaction” is defined in CPL 40.10 (2), in pertinent part, as "two or more * * * acts closely * * * connected in point of time and circumstance of commission”. CPL 40.10 states that the definition is "applicable to this article [art 40]”.
When a statute provides a definition, and expressly states that the definition is applicable to a specific article, the definition is inapplicable to other articles (see, People v McNamara, 78 NY2d 626, 630; People v Neumann, 51 NY2d 658, 665).