■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUTHER BROOKS, Appellant. [669 NYS2d 294] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Egitto, J.), rendered September 19, 1995, convicting him of murder in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant claims that he was denied his right to testify before the Grand Jury because the People purposefully failed to arraign him on the felony complaint in order to avoid serving him with notice pursuant to CPL 190.50 (5) (a). This claim is unpreserved for appellate review. The defendant failed to raise it as a ground for the dismissal of the indictment, thereby waiving it (see, CPL 190.50 [5] [c]; 210.20 [1] [c]; 470.05 [2]; People v Maldonado, 176 AD2d 586). In any event, the claim is without merit. As this Court stated in People v Munoz (207 AD2d 418), the plain meaning of CPL 190.50 (5) (a) "compels the conclusion that the prosecutor had no duty to inform the defendant of his right to testify before the Grand Jury, as he was not arraigned in a local criminal court upon the felony complaint" (People v Munoz, supra, at 419). In this case, as in Munoz, the defendant was hospitalized at the time of the Grand Jury proceedings, having jumped out of a fourth-floor window in an attempt to evade arrest, and had not yet been arraigned on the felony complaint. In the absence of such arraignment, the People were not obligated to serve the defendant with notice pursuant to CPL 190.50 (5) (a), and there is no indication in the record that the People intentionally delayed his arraignment to avoid serving such a notice.

With respect to the defendant's claim that he was improperly denied a missing witness charge, the record establishes that the witness in question was in fact unavailable to testify and, therefore, the trial court properly denied the defendant's application for that charge (see, People v Gonzalez, 68 NY2d 424, 428; People v Bostick, 150 AD2d 707, 708).

The sentence imposed was not excessive (see, People v Suitte, 90 AD2d 80). Miller, J. P., Sullivan, Pizzuto and Florio, JJ., concur.