■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM JOE, Appellant. [671 NYS2d 548] —Cardona, P. J. Appeal from a judgment of the County Court of Madison County (O'Brien, III, J.), rendered December 7, 1995, upon a verdict convicting defendant of the crime of absconding from temporary release in the first degree.

On December 8, 1993 defendant, an inmate at Camp Georgetown (hereinafter the camp), a State correctional facility in Madison County, was granted temporary release. Defendant failed to return to the camp on December 14, 1993, the date his temporary release expired. On December 15, 1993, he was declared an absconder and a warrant was issued for his arrest.

During the afternoon of December 16, 1993, Albany Police Officer Mark Van Garderen observed defendant standing in the doorway of a closed business located in a "high drug area" of the City of Albany. Van Garderen observed defendant look in his direction and then walk in the opposite direction. Van Garderen followed in his patrol car and, after observing defendant alter his course of travel each time he looked in Van Garderen's direction, he decided to stop and question defendant. When asked to step over to the car, defendant immediately ran away. Following a pursuit, Van Garderen caught up with defendant and asked him for identification. Defendant produced his camp identification and, following a computer check, was arrested on the outstanding warrant.

At the ensuing jury trial, defendant orally moved to suppress the arrest itself[1] upon the ground that the initial stop was not based upon reasonable cause to believe that he had committed or was about to commit an offense. He sought dismissal of the charge arguing that if Van Garderen had not interfered, he

1. Defendant conceded that there were no items of evidence taken nor statements made as a consequence of the stop.

would have made it back to the camp, albeit two days late.[2] Defendant also moved to dismiss the charge in the interest of justice. County Court denied both motions. Defendant was convicted of the charge and sentenced as a second felony offender to an indeterminate prison term of 1½ to 3 years.

On appeal defendant contends that, as a result of the alleged unlawful stop and seizure, County Court did not acquire personal jurisdiction over him. We disagree. Even if we were to conclude, under all of the attendant circumstances, that Van Garderen did not possess a reasonable suspicion of criminal activity to justify pursuit after defendant took flight to avoid police contact (cf., People v Martinez, 80 NY2d 444, 448; People v Logan, 243 AD2d 920, 921, lv denied 91 NY2d 876), we would, nevertheless, reject this argument as a basis for dismissal of the instant charge. "[T]he established rule [is] that [an] illegal arrest or detention [will] not void a subsequent conviction" (Gerstein v Pugh, 420 US 103, 119; see, Frisbie v Collins, 342 US 519; People v Lane, 101 AD2d 925, 927, affd 64 NY2d 1047).

Turning to defendant's remaining claim, we find no error in County Court's refusal to dismiss the indictment in the interest of justice (see, CPL 210.40). The exercise of that discretionary power is reserved for rare and compelling circumstances which are not present here (see, People v Natarelli, 154 AD2d 769; People v Belkota, 50 AD2d 118, 120).

Mercure, White, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed.

---

**2.** At the time of his arrest, defendant possessed a roundtrip bus ticket for his return to the facility and he argued that he was in Albany to catch a bus.