OPINION OF THE COURT
Anne G. Feldman, J.
This decision is an amplification of a ruling made orally from the Bench prior to the start of the trial. Defendant moves to dismiss the indictment on several grounds: He claims that counts 1 through 17 are multiplicitous; that counts 7 and 8 unconstitutionally duplicate the same aggravating factor; and that the integrity of the Grand Jury was impaired by inadmissible and prejudicial testimony, by denying defendant a counseled opportunity to decide whether to testify before the Grand Jury, and by providing the Grand Jury inadequate time to deliberate.
MULTIPLICITOUS COUNTS
Counts 1 through 6 charge that defendant in the course of the same criminal transaction committed three intentional murders and counts 13 through 15 charge him with an attempted murder followed by one of the three intentional murders. Counts 7 through 12, 16 and 17 charge defendant with intentionally killing one of three persons and attempting to kill another in the course of and in furtherance of either robbery in the first degree (counts 7-9, 16) or robbery in the third degree (counts 10-12, 17).
Defendant contends that because CPL 300.40 (3) requires the court to submit to the jury at the sentencing stage of the trial all first degree murder charges on which it has returned *261 guilty verdicts the jury could be misled about the number of aggravating factors to be considered. Defendant also argues that unless the multiplicity errors are cured at the pretrial stage the court will have no authority to dismiss any charges after commencement of the trial (CPL 300.40 [3]; 400.27 [3], [10]).
The prosecution argues that the challenged counts are not multiplicitous and are all necessary in order to accurately reflect the offenses with which defendant is charged. With respect to counts 1 through 6 and 13 through 15 the court agrees with the prosecution. With respect to counts 7 through 12, 16 and 17 it has already ruled.[1]
Counts 1 through 6 and 13 through 15
Defendant seeks to dismiss all but one of counts 1 through 6 and all but one of counts 13 through 15 as multiplicitous pursuant to CPL 200.20 (1). Penal Law § 125.27 (1) (a) (viii), the statutory provision on which these counts are premised, reads as follows:
“A person is guilty of murder in the first degree when * * * “[w]ith intent to cause the death of another person, he causes the death of such person * * * and * * *
“as part of the same criminal transaction, the defendant, with intent to cause serious physical injury to or the death of an additional person or persons, causes the death of an additional person or persons” (emphasis supplied).
Defendant is charged with having intentionally killed three persons and attempting to kill a fourth in a social club within a very brief time period. Counts 1 through 6 each allege the intentional killing of two victims in different sequences. Similarly, counts 13 through 15 each charge defendant with having attempted to murder the surviving victim and thereafter intentionally killing one of the three others. The defense contends that because each of the challenged counts essentially charges the same crime, submitting them all to the jury will erroneously inflate the number of aggravating factors the jury will believe it is required to weigh against the mitigating evi *262 dence presented by the defendant.[2] Thus, the defendant claims, the jury could be led incorrectly to conclude that the aggravating factors outweigh the mitigating ones.
Defendant’s motion is denied for two reasons. In the first place the mere existence in the indictment of the six counts does not mean that each will be submitted to the jury. The court may present to the jury for its verdict only those counts which are supported by legally sufficient evidence and must dismiss any count which is not (CPL 300.40).[3]
The other ground upon which defendant’s claim of multiplicity is denied rests upon statutory construction. To obtain a conviction under Penal Law § 125.27 (1) (a) (viii) the prosecution must prove beyond a reasonable doubt that defendant committed at least two intentional murders in the course of the same criminal transaction. It is not clear from the statutory language whether the prosecution must prove to the jury the sequence in which the multiple homicides were committed.[4] It is however clear that the statute requires the prosecution to prove the intentional killing of one victim, and the intent to cause serious physical injury or death to at least one other person. Although the prosecution, in its response to defendant’s discovery demands, has provided a chronological account as to the sequence and manner in which it claims defendant killed three persons, it should not be irrevocably bound by this theory. Even if the two potential eyewitnesses present persuasive evidence that defendant intentionally killed more than one person at the social club they may either contradict one another, be unable to persuasively establish the sequence of the killings, or be unable to persuade the jury that all three *263 murders were intentional. It would certainly contravene the legislative intent and be a travesty of justice were the jury to acquit the defendant because the counts which describe the murders established by the evidence were no longer available for consideration. To avoid the anomaly of such a result the prosecution framed the indictment so that every permeation is covered. It contends that under this untested statute such a construction is necessary. This court agrees.[5]
Defendant relies heavily upon the only reported cases in which Penal Law § 125.27 (1) (a) (viii) has been interpreted. This court declines to adopt the legal analysis employed in People v Fernandez (173 Misc 2d 938 [Sup Ct, Kings County 1997]). There the trial court held multiplicitous an indictment wherein a husband was accused of attempting to kill his wife and each of their three children in the same criminal transaction because a different child was mentioned in each count as the second intended victim (supra, at 947). Finding no applicable legislative definitions of the “same criminal transaction” the Fernandez court equated it to a “continuing crime” (supra, at 946). However, it is a mischaracterization of the crimes with which defendant is charged, to define as a single “continuing crime” the intentional killing of multiple victims by means of several discrete acts (two shootings and one stabbing).
While it is true that Penal Law § 125.27 (1) (a) (viii) does not itself contain a definition of “same criminal transaction” the definition of that term contained in CPL 40.10 appears apposite:[6] “(a) so closely related and connected in point of time and circumstance of commission as to constitute a single criminal incident, or (b) so closely related in criminal purpose or objective as to constitute elements or integral parts of a single criminal venture.”
As noted, defendant contends that if more than one count of murder in the first degree is before the jury at the sentencing phase of the trial, jurors will view each count as a separate aggravating factor and be more inclined to vote for the death sentence. The court finds this argument unconvincing. Assum *264 ing arguendo that the court does submit more than one count charging murder in the first degree to the jury and that defendant is convicted on all submitted, the court can anticipate and avoid any such possible confusion by its instructions to the jury at the sentencing stage of the trial.[7]
Moreover, it is unrealistic to assume that the same jury which found defendant guilty of murder in the first degree, having heard the evidence as to what transpired at the social club on the night in question, will be unable to recall during the sentencing proceeding the details of the crime.
Finally, as the prosecution points out, the rules against multiplicity are designed to assure that a defendant is not punished more than once for the same crime. Penal Law § 70.25 (2), while prohibiting multiple punishments for the same crime, does not preclude jury consideration of multiple offenses containing overlapping elements (People v Ramirez, 89 NY2d 444, 451). Since under the New York statute, the jury may impose only the sentences of life imprisonment without possibility of parole or death, it is logically impossible for him to receive multiple punishments no matter how many counts of murder in the first degree are before the jury for sentence.
Defendant next argues that counts 7 through 12 (charging defendant with intentional felony murder in the first degree in violation of Penal Law § 125.27 [1] [a] [vii]) and counts 15 and 16 (charging defendant with attempted felony murder in the first degree) are jurisdictionally defective in that they omit an element of this crime.[8] Defendant contends that the factual recital in these counts allege only that the victim “was killed while the defendant was in the course of * * * and in furtherance of’ committing the robbery and do not also allege as required under Penal Law § 125.27 (.1) (a) (vii) that the victim was killed in furtherance of the robbery. The court finds this argument to be based on a grammatically strained interpretation. The language in the challenged counts is sufficiently clear to satisfy the requirements of CPL 200.50.
The balance of defendant’s motion consists of arguments in support of his claim that the integrity of the Grand Jury was *265 impaired.[9] Specifically defendant challenges the introduction into evidence of defendant’s alleged admission to a capital crime, the failure of the prosecutor to charge the Grand Jury that the case is a potential capital case, the prosecution’s failure to furnish either to the defense or the grand jurors allegedly exculpatory and mitigating evidence, and the failure of the prosecution to provide the grand jurors with an inadequate time period for deliberations. This court, having read the Grand Jury minutes, concludes that the evidence presented was legally sufficient to sustain the indictment (People v Pelchat, 62 NY2d 97; People v Calbud, Inc., 49 NY2d 389). Moreover, the Grand Jury was properly charged with respect to the applicable instructions. As this court has previously ruled, preindictment discovery and special instructions to the Grand Jury are not required either under the Capital Offense Law (L 1995, ch 1) or as heightened due process. (See, People v Prater, 170 Misc 2d 327; see also, People v Cajigas, 174 Misc 2d 472 [Westchester County Ct 1997]).
Accordingly, defendant’s motion is denied.

. By decision dated February 17, 1998 this court has already dismissed counts 7 through 9 as duplicative of counts 10 through 12 and count 16 as duplicative of count 17. Counts 13 through 15 and count 17 do not charge •murder in the first degree and therefore would not be before the jury at sentencing.

. Because counts 13 through 15 do not charge murder in the first degree they would not be before the jury at sentencing. Defendant’s argument is therefore not applicable to them.

. Indeed the Supplementary Practice Commentaries, without reference to the language in CPL 300.40 (3) which as defendant claims seem to require the court to submit every count upon which there is sufficient evidence, notes that the court still retains discretion not to submit all counts so as to avoid unduly burdening the jury’s deliberations. (Preiser, 1995 Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 11A, CPL 300.40, 1998 Pocket Part, at 271.)

. The statute requires proof of an “additional” killing after the first intentional killing. The Practice Commentary seems to equate “additional” with “second”. Thus it states that after defendant is proven to have committed one intentional murder the prosecution must then prove that he intentionally killed at least one additional person or persons during the same criminal transaction. (See, Donnino, Practice Commentary, McKinney’s Cons Laws of NY, Book 39, Penal Law § 125.27, at 391.)

. Since the court will not permit the reading of the indictment to the jury the defendant is not prejudiced by retention of all the counts until the conclusion of the People’s case at trial.

. CPL 40.10 is a procedural provision designed to avoid multiplicity in indictments. It therefore has applicability here. In holding CPL 40.10 not applicable the Fernandez court relied upon cases wherein statutory definitions intended to cover one type of substantive crime were erroneously used to define a different offense (see, People v Fernandez, supra, at 946, n 2).

. In none of the cases relied upon by defendant in support of his claim that an “artificially inflated” description of defendant’s conduct risks skewing the weighing process, creating the risk that the death sentence will be imposed arbitrarily and thus unconstitutionally, is the ameliorative effect of such an instruction covered.

. Counts 7 through 9 and 16 have already been dismissed on other grounds (see, decision and order dated Feb. 17, 1997).

. In connection with this motion the defense moved for release of the Grand Jury minutes. This motion was previously denied orally on the record. The court finds no reason to revisit this application.