■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BART ROMAN, Also Known as ROBERT GAINES, Appellant. [738 NYS2d 866] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Juviler, J.), rendered June 2, 1999, convicting him of sodomy in the first degree, attempted rape in the first degree, sexual abuse in the first degree, and robbery in the third degree, upon a jury verdict, and imposing sentence.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BART ROMAN, Also Known as ROBERT GAINES, Appellant. [738 NYS2d 867] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Juviler, J.), rendered November 1, 1999, convicting him of rape in the first degree (two counts), sodomy in the first degree, and sexual abuse in the first degree (four counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On November 14, 1998, a felony complaint was filed against the defendant in the Criminal Court, Kings County, while he was in custody on an unrelated charge in Nassau County. On November 19, 1998, a Kings County Grand Jury voted to indict the defendant, and the case was transferred to the Supreme Court. The defendant was then brought to Kings County, arrested, and arraigned on the indictment.

Contrary to the defendant's contention, he was not entitled to notice of the Grand Jury proceeding since he had not yet been arraigned on the felony complaint (*see,* CPL 190.50 [5]

[a]; *People v Jones,* 281 AD2d 185; *People v Brooks,* 247 AD2d 486; *People v Munoz,* 207 AD2d 418).

There is no merit to the defendant's contention that the trial court impermissibly disparaged the defense counsel during voir dire so as to deprive the defendant of a fair trial. Rather, the court was clarifying matters for the prospective jurors, who were confused by a hypothetical posed by the defense counsel. Nor did the court's comments improperly shift the burden of proof. The court repeatedly instructed the jurors that the burden of proof was on the People (*see, People v Brown,* 150 AD2d 472, 473).

The defendant's contention that his adjudication as a persistent violent felony offender violated his right to a jury trial is unpreserved for appellate review and, in any event, without merit (*see, People v Rosen,* 96 NY2d 329, *cert denied* — US —, 122 S Ct 224 [Oct. 1, 2001]; *People v Rice,* 285 AD2d 617, *lv denied* 97 NY2d 642).

The defendant's remaining contentions are without merit. Altman, J.P., Adams, Townes and Crane, JJ., concur.