■ The People of the State of New York, Respondent, v Dwayne Brown, Appellant. The People of the State of New York, Respondent, v Eric Burwell, Appellant. [789 NYS2d 106]—

Judgment, Supreme Court, New York County (Michael J. Obus, J., on dismissal motion; Edward McLaughlin, J., at suppression hearing, jury trial and sentence), rendered August 7, 2002, convicting defendants of robbery in the second degree, and sentencing defendant Brown, as a persistent violent felony offender, to a term of 16 years to life, and sentencing defendant Burwell, as a second violent felony offender, to a term of 11 years, unanimously affirmed.

The court properly denied defendant Brown's suppression motion. There is no basis for disturbing the court's credibility determinations, including its resolution of any inconsistencies between police testimony and a tape recording (see People v Prochilo, 41 NY2d 759, 761 [1977]). The hearing evidence establishes that the police had reasonable suspicion justifying a temporary investigative detention of Brown for prompt identification, based upon a sufficiently specific description of Brown coupled with police observations of Brown's suspicious behavior as he proceeded in the reported direction of flight only a few minutes after and a few blocks away from the robbery, as well as the fact that Brown reasonably appeared to be accompanying defendant Burwell, who met the description of the other robber and was also acting suspiciously (see e.g. People v Plato, 247 AD2d 317 [1998], lv denied 91 NY2d 976 [1998]).

The court properly denied defendants' motions to dismiss the indictment on the ground of an alleged violation of their right to testify before the grand jury. The People did not violate defendants' rights under CPL 190.50 (5) (a) or to due process

when they presented the case to the grand jury immediately upon the arrests and prior to any arraignment. The prosecutor had no duty to inform defendants of their right to testify before the grand jury insofar as they had not yet been arraigned in a local criminal court upon the felony complaint (*People v Jones*, 281 AD2d 185 [2001], *lv denied* 96 NY2d 831 [2001]; *People v Munoz*, 207 AD2d 418 [1994], *lv denied* 84 NY2d 938 [1994]). There is no evidence that the prosecutor intentionally delayed arraignment in order to deprive defendants of notice of the grand jury proceeding, and thereby to deny them their right to testify. Furthermore, the People had a good faith reason for an immediate grand jury presentation, which was that the victim, a foreign tourist, was about to leave the United States. Finally, Burwell's claim that the statute is unconstitutional is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would reject it.

After weighing all the relevant factors, the court properly exercised its discretion in denying defendants' request to call an expert witness on identification (*see People v Lee*, 96 NY2d 157, 162 [2001]).

The record establishes that defendants received effective assistance of counsel (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]).

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Concur—Tom, J.P., Andrias, Saxe, Friedman and Gonzalez, JJ.