THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL LYONS, Appellant. [837 NYS2d 706]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Chambers, J.), rendered October 25, 2000, convicting him of rape in the third degree (four counts) and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that he was deprived of an opportunity to testify before the grand jury. We disagree. CPL 190.50 (5) provides that a defendant has a right to testify before the grand jury if he or she serves written notice of his or her intent upon the District Attorney before an indictment is filed. Pursuant to CPL 190.50 (5) (a), the District Attorney has no duty to advise a defendant of grand jury proceedings unless the defendant has been arraigned on a felony complaint relating to the offense. Once the defendant is arraigned on the felony complaint, the District Attorney must notify the defendant of his or her right to testify before the grand jury and "accord the defendant a reasonable time to exercise his [or her] right to appear."

In the instant case, the defendant was arrested on May 23, 1999 and hospitalized with burn injuries which he inflicted upon himself. He was arraigned in the Criminal Court, Kings

County, on a felony complaint on June 8, 1999, the day he was discharged from the hospital. The defendant does not allege that the District Attorney intentionally delayed his arraignment on the felony complaint. Until that arraignment, the defendant was not entitled to notice of the grand jury proceeding against him (*see People v Jones*, 281 AD2d 185 [2001]; *People v Brooks*, 247 AD2d 486 [1998]; *People v Munoz*, 207 AD2d 418 [1994]).

The defendant contends that the prosecutor told him at the arraignment that he had been indicted. The defendant was notified in writing that a true bill had been "voted" against him that same day—June 8, 1999. It is uncontested that the People never indicated that the indictment had been filed. Indeed, the indictment was not filed until June 29, 1999. The defendant was also provided written notice, pursuant to CPL 190.50, that if he wished to testify before the grand jury, he was required to provide written notice to the District Attorney. Although this notice was dated as of May 24, 1999, i.e., more than two weeks prior to the indictment, it stated that if the defendant "desires to change the date on which he/she will testify, the Grand Jury Bureau must be contacted to determine an alternate date acceptable to the People and within the term of the Grand Jury." At the Criminal Court arraignment, the defendant had every opportunity to advise the People of his desire to testify. The defendant and his attorney were totally silent in this regard.

In *People v Evans* (79 NY2d 407, 413 [1992]) the Court of Appeals held that "individuals who give timely notice reasonably prior to the prosecution's presentment of evidence and prior to the Grand Jury vote on an indictment are entitled to testify before the vote." However, in the instant case, the defendant was not arraigned on the felony complaint until after the grand jury voted. Therefore, the District Attorney had no obligation to notify him of the grand jury proceeding until after the grand jury voted.

"After a Grand Jury has voted a true bill which has not been filed as an indictment, the People may return to the same Grand Jury to introduce additional evidence and allow them to vote a second time (*People v Cade*, 74 NY2d 410, 415)" (*People v Dillard*, 160 AD2d 472, 473 [1990]; *see People v Gayle*, 281 AD2d 490 [2001]). Therefore, before the indictment was filed the defendant could have served notice of his intent to testify, whereupon the People would have been obligated to afford him that opportunity (*see* CPL 190.50 [5] [b]).

The People's written notice pursuant to CPL 190.50 advised the defendant of the requirement that he provide written notice of his intent to testify before the grand jury, and advised the de-

fendant that he could select a date to appear other than that which was stated. The defendant was also advised that an indictment had just been voted the same day that he was arraigned. Under the totality of the circumstances, the People discharged their obligation pursuant to CPL 190.50. In response, the defendant never gave notice of his intent to testify before the grand jury. Accordingly, his contention that he was deprived of that right is without merit.

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Rivera, J.P., Goldstein, Dillon and Carni, JJ., concur.