■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH GREENE, Appellant. [921 NYS2d 854]—

---

Judgment, Supreme Court, New York County (A. Kirke Bartley, J., at hearing; Thomas Farber, J., at plea and sentence), rendered April 23, 2009, convicting defendant of criminal possession of a controlled substance in the second degree and attempted criminal possession of a weapon in the second degree, and sentencing him to an aggregate term of 3½ years, affirmed.

The court properly denied defendant's suppression motion. We see no basis for disturbing the court's credibility determinations, including its evaluation of inconsistencies in testimony (*see People v Prochilo*, 41 NY2d 759, 761 [1977]). While the dissent reaches a different conclusion, the determination of the hearing court, which actually saw and heard the witnesses testify, is entitled to deference, and it is not our practice to substitute our own fact-findings for those under review unless the latter are "plainly unjustified or clearly erroneous" (*People v Corbin*, 201 AD2d 359 [1994] [internal quotation marks and citation omitted]). We note that, in addition to the drugs recovered from defendant's pants pocket, the police recovered $8,025 in cash from the same pocket. Concur—Mazzarelli, J.P., Friedman and Richter, JJ.

McGuire and Renwick, JJ., dissent in a memorandum by McGuire, J., as follows: The arresting officer saw a bulge in defendant's left front pants pocket and when he "felt" (or "patted . . . a little bit," "touched" or "tapped") it, defendant turned the left side of his body away from the officer. What the officer had felt was "something hard"; it "wasn't fat but it was shaped like a little rectangle." The officer "thought it was a knife." The officer turned defendant back toward him, reached into the pants pocket and took out a small bag of crack cocaine. From a photograph admitted into evidence at the suppression hearing, it appears that the bag was about 2 to 2½ inches by 3 inches and shaped like Africa. During arrest processing at the precinct, the officer recovered from the same pants pocket $8,025 in bills of virtually all denominations, including $100 and $50 bills.

Contrary to the motion court's written findings of fact, the arresting officer did not testify that defendant had turned his body "in a manner that made [the officer] suspect that the defendant had a weapon secreted somewhere on the left side of his body." I do not take issue, however, with the court's determination that the officer lawfully touched or patted down the bulge in defendant's pants pocket. When a police officer touches a bulging pocket and feels a hard object he reasonably fears is a weapon, he does not act unlawfully in reaching into the pocket and taking the object out (*see People v Davenport*, 9 AD3d 316 [2004], *lv denied* 3 NY3d 705 [2004]; *see also People v Williams*,

287 AD2d 396 [2001], *lv denied* 97 NY2d 734 [2002] [bulge resembling a weapon]; *People v Thomas*, 176 AD2d 539 [1991], *lv denied* 79 NY2d 833 [1991] [officer felt outline of gun]). Based principally on the photograph and the large amount of cash in the pocket, I would reject as incredible the officer's claim that he thought the small bag of crack was a knife, and I would find that even if he did believe the object he felt was a knife, his belief was not reasonable. My view that we should reject that testimony also is based on the numerous inconsistencies between the testimony of the arresting officer and that of his supervisor at the suppression hearing, which was held some six months after the arrest, including striking inconsistencies concerning defendant's demeanor and conduct while he was in the car and when he was directed to get out of it.

For these reasons, I would not defer to the credibility findings of the suppression court. Needless to say, I agree with the majority that "it is not our practice to substitute our own fact-findings for those under review unless the latter are 'plainly unjustified or clearly erroneous.' " But, regardless of how impressive the officer's demeanor was, his testimony that he thought the small bag of crack was a knife is too much at war with common sense to be credited. Just as I cannot understand how the officer reasonably could have thought such a small, irregularly shaped bag of crack was a knife, I cannot understand how the majority can defer to the suppression court's implicit finding that he did. Although the majority suggests that the presence of such a large sum of money in the same pocket supports its position, it does not explain how the presence of the wad of money renders more plausible the officer's claim that he thought the small bag of crack was a knife. As the lawfulness of the subsequent recovery of both more cocaine and a gun from defendant's person and other contraband from the car depends on the validity of the initial search of the pants pocket, I would grant the motion to suppress and dismiss the indictment.