■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERBERT MARTIN, Appellant. [18 NYS3d 163]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Knopf, J.), rendered February 25, 2013, convicting him of assault in the second degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was arrested based on his involvement in a physical altercation with two individuals, and was hospitalized as a result of injuries he sustained. A felony complaint was filed with the Criminal Court of the City of New York, Queens County. While the defendant was still under arrest in the hospital, and just prior to the expiration of the statutory deadline for his release from custody pursuant to CPL 180.80, the People submitted the defendant's case to a grand jury, and the grand jury voted to indict the defendant on several counts. The defendant was never arraigned on the felony complaint, but he was subsequently arraigned on the indictment.

The defendant moved to dismiss the indictment, arguing that the People deliberately failed to arraign him on the felony complaint in order to avoid serving him with notice pursuant to CPL 190.50 (5) (a), and that he was therefore improperly deprived of his right to testify before the grand jury. The

Supreme Court (Camacho, J.) denied the defendant's motion to dismiss the indictment. Following his conviction of two of the charged offenses after a jury trial, the defendant appeals.

The People were under no obligation to serve the defendant with notice pursuant to CPL 190.50 (5) (a) of his right to testify before the grand jury since the defendant had not been arraigned on the felony complaint in a local criminal court (*see People v Dahlbender*, 23 AD3d 493, 493-494 [2005]; *People v Brooks*, 247 AD2d 486, 486 [1998]; *People v Munoz*, 207 AD2d 418, 419 [1994]). Nor is there anything in the record to support the defendant's contention that the People intentionally delayed his arraignment for the purpose of depriving him of his statutory rights under CPL 190.50 (5) (a) (*see People v Smoke*, 43 AD3d 1332, 1333 [2007]; *People v Brown*, 14 AD3d 356, 357 [2005]; *People v Jones*, 281 AD2d 185, 186 [2001]; *People v Brooks*, 247 AD2d at 486). In any event, the defendant did not allege in his motion papers that he would have served written notice to the District Attorney of his request to appear before the grand jury had he been informed of the pending grand jury proceeding. As the statutory right to appear before the grand jury is expressly conditioned upon the service of such notice (*see* CPL 190.50 [5] [a]; *cf. People v Reynolds*, 35 AD2d 529 [1970]), the defendant's allegation that he was deprived of that right remains speculative.

Inasmuch as the defendant claims that his arraignment was unnecessarily delayed in violation of CPL 140.20, the proper remedy at the time would have been to petition the local criminal court to release the defendant from custody (*see People v Ramos*, 99 NY2d 27, 36 [2002]). A violation of CPL 140.20 does not provide a ground for dismissal of an indictment or vacatur of a judgment of conviction (*see Gerstein v Pugh*, 420 US 103, 118-119 [1975]; *People v Joe*, 249 AD2d 695 [1998]).

Accordingly, the Supreme Court properly denied the defendant's motion to dismiss the indictment. Eng, P.J., Chambers, Roman and Barros, JJ., concur.