■ In the Matter of JARED S., a Person Alleged to be a Juvenile Delinquent, Appellant. [50 NYS3d 329]—

Order, Family Court, Bronx County (Peter J. Passidomo, J.), entered on or about May 8, 2015, which adjudicated appellant a juvenile delinquent upon a fact-finding determination that he committed acts that, if committed by an adult, would constitute the crimes of robbery in the second degree, grand larceny in the fourth degree, and two counts of criminal possession of a weapon in the fourth degree, and that he also committed the act of unlawful possession of a weapon by a person under the age of 16, and placed him with the Office of Children and Family Services for a period of 13 months, unanimously affirmed, without costs.

The police had reasonable suspicion to stop and detain appellant based upon a description that was sufficiently specific given the close spatial and temporal factors, coupled with police observations of appellant's suspicious behavior of ducking behind a car and raising his hands when he saw the police, as well as the fact that appellant appeared to be accompanied by another person who met the description of the other robber and who was also acting suspiciously (*see e.g. People v Brown*, 14 AD3d 356, 356 [1st Dept 2005], *lv denied* 4 NY3d 852 [2005]).

The prompt showup identification was not unduly suggestive (*see People v Brisco*, 99 NY2d 596 [2003]). In challenging the legality of the showup, appellant improperly relies on evidence adduced at the fact-finding hearing, rather than at the suppression hearing; in any event, that evidence would not warrant a finding of suggestiveness (*see People v Gatling*, 38 AD3d 239, 240 [1st Dept 2007], *lv denied* 9 NY3d 865 [2007]).

The fact-finding determination was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the court's findings concerning identification. Concur—Tom, J.P., Friedman, Mazzarelli, Kapnick and Kahn, JJ.