The People of the State of New York, Respondent, 
against
Timothy Williams, Defendant-Appellant.




In consolidated appeals, defendant appeals from (1) a judgment of the Criminal Court of the City of New York, Bronx County (Harold Adler, J.), rendered August 25, 2014, after a nonjury trial, convicting him of attempted criminal possession of a controlled substance in the seventh degree and criminal possession of marijuana in the fifth degree, and imposing sentence and (2) a judgment of conviction (same court and Judge), rendered August 25, 2014, convicting him, upon a plea of guilty, of criminal possession of marijuana in the fifth degree, and imposing sentence.




Per Curiam.
Judgment of conviction under docket number 2013BX030573 (Harold Adler, J.), rendered August 25, 2014, affirmed. Appeal from judgment of conviction under docket number 2013BX046365 (Harold Adler, J.), rendered August 25, 2014, dismissed, as moot. 
The court properly denied defendant's suppression motion. There is no basis for disturbing the court's credibility determinations (see People v Prochilo, 41 NY2d 759, 761 [1977]). "[T]he determination of the hearing court, which actually saw and heard the witnesses testify, is entitled to deference, and it is not our practice to substitute our own fact-findings for those under review unless the latter are plainly unjustified or clearly erroneous" (People v Martin, 112 AD3d 453, 454 [2013], quoting People v Greene, 84 AD3d 540, 541 [2011]). Such is not the case here.
The hearing evidence established that police had a reasonable suspicion justifying a temporary investigative detention of defendant for prompt identification, based upon a sufficiently specific description of defendant as the individual who stabbed complainant and held complainant's mother hostage in a nearby building, coupled with the officers' observation of defendant, who fit the description, in close temporal and spatial proximity to the reported crime, followed by defendant's act of fleeing when he saw the officers (see People v Brown, 14 AD3d 356 [2005], lv denied 4 NY3d 852 [2005]). 
When the officers finally caught and subdued the flailing defendant, they observed a bag [*2]of marijuana protruding from the waistband of defendant's pants. This observation justified the recovery of the marijuana and provided probable cause to arrest defendant (see People v Martin, 88 AD3d 473 [2011], affd 19 NY3d 914 [2012]). The police were also justified in conducting a search as an incident to the arrest.
Contrary to defendant's contention, the complainant's refusal to make a subsequent "show-up identification" at the precinct did not "evaporate" the probable cause for the arrest. 
Defendant's convictions for fifth-degree criminal possession of marijuana (see Penal Law § 221.10[1]) have been automatically "vacated and dismissed" and rendered "legally invalid," by operation of CPL 160.50(5), which became effective on August 28, 2019. Thus, this appeal from said convictions must be dismissed as academic (see People v Taite, 65 Misc 3d 137[A], 2019 NY Slip Op 51671[U] [App Term, 1st Dept 2019].
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: December 02, 2019