People v Carl (2025 NY Slip Op 03080)

People v Carl

2025 NY Slip Op 03080

Decided on May 21, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 21, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
DEBORAH A. DOWLING
LILLIAN WAN
JANICE A. TAYLOR, JJ.

2018-14951
 (Ind. No. 1148/16)

[*1]The People of the State of New York, respondent,
v
Kim Carl, appellant.

Richard L. Herzfeld, New York, NY, for appellant.
Susan Cacace, District Attorney, White Plains, NY (Jill Oziemblewski and Steven A. Bender of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment the County Court, Westchester County (George E. Fufidio, J.), rendered October 30, 2018, convicting him of attempted aggravated assault upon a police officer, reckless endangerment in the first degree (two counts), criminal possession of a controlled substance in the seventh degree, criminal mischief in the second degree, and criminal mischief in the third degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is modified, on the facts, by vacating the conviction of reckless endangerment in the first degree charged to the jury as count 3, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.
Following a jury trial, the defendant was convicted of, inter alia, one count of attempted aggravated assault upon a police officer and two counts of reckless endangerment in the first degree. The allegations stemmed from two separate car chases involving the defendant and various police officers through Yonkers and into the Bronx, which culminated in the defendant's car flipping over and then his arrest.
The defendant failed to preserve for appellate review his contention that the County Court lacked jurisdiction over him because it purportedly did not arraign him on the felony complaint (see CPL 470.05[2]). In any event, the defendant's contention is without merit in light of his subsequent arraignment on an indictment (see CPL 210.05, 210.10, 210.15; cf. People v Tiul-Putul, 211 AD3d 1184, 1185; People v Martin, 132 AD3d 909, 910).
The defendant failed to preserve for appellate review his challenge to the legal sufficiency of the evidence underlying his conviction of attempted aggravated assault upon a police officer, as defense counsel did not base the motion to dismiss on any specific argument currently raised on appeal (see CPL 470.05[2]; People v Gordon, 132 AD3d 904, 904). In any event, "viewing the facts in a light most favorable to the People, there is a valid line of reasoning and permissible inferences from which a rational jury could have found the elements of the crime beyond a reasonable doubt" (People v Danielson, 9 NY3d 342, 349 [internal quotation marks omitted]).
Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 494). Upon reviewing the record here, we are satisfied that the verdict of guilt on the counts of attempted aggravated assault upon a police officer, criminal possession of a controlled substance in the seventh degree, criminal mischief in the second degree, and criminal mischief in the third degree was not against the weight of the evidence (see People v Romero, 7 NY3d 633). Similarly, the verdict of guilt on the count of reckless endangerment in the first degree that was charged to the jury as count 4, which related to the second vehicular pursuit of the defendant, was not against the weight of the evidence.
However, upon the exercise of our factual review power (see CPL 470.15), we determine that an acquittal on the count of reckless endangerment in the first degree that was charged to the jury as count 3, which related to the first vehicular pursuit of the defendant, would not have been unreasonable. Giving the evidence the weight it should be accorded, we find that the People failed to establish, beyond a reasonable doubt, that the defendant's conduct during the first vehicular pursuit evinced a depraved indifference to human life (Penal Law § 120.25; see People v Jakobson, 119 AD3d 815, 818; People v Lazartes, 23 AD3d 400, 401-402; cf. People v Williams, 150 AD3d 1273, 1276). Thus, we determine that the verdict with respect to that count was against the weight of the evidence. Accordingly, we vacate that conviction of reckless endangerment in the first degree that was charged to the jury as count 3, and dismiss that count of the indictment.
The defendant's contention that the People exceeded the scope of the County Court's Sandoval rulings is largely unpreserved for appellate review (see CPL 470.05[2]; People v Sandoval, 34 NY2d 371). In any event, the contention is without merit, as the defendant opened the door to the challenged testimony (see People v Perez, 120 AD3d 514, 514; People v Peradze, 15 AD3d 678, 679).
Contrary to the defendant's contention, the County Court providently exercised its discretion in determining that, under the circumstances, a sanction was not warranted against the People for their failure to preserve the vehicle allegedly driven by the defendant (see People v Rice, 39 AD3d 567, 569).
The defendant's contention that the People's forensic toxicology witness improperly testified about matters outside of her area of expertise is only partially preserved for appellate review (see CPL 470.05[2]). In any event, to the extent that the admission of the expert testimony may have been improper, it was not so egregious as to have deprived the defendant of a fair trial (see People v Crimmins, 36 NY2d 230, 237; People v Laigo, 70 AD3d 970, 971; see also People v Prowse, 60 AD3d 703, 704).
The defendant's contention that certain comments made by the prosecutor during her opening statement and summation deprived him of a fair trial is unpreserved for appellate review because defense counsel did not object to the comments now challenged on appeal (see CPL 470.05[2]; People v Robinson, 195 AD3d 950, 951). In any event,"[t]o the extent that any of the challenged remarks were improper, they were not so egregious as to have deprived the defendant of a fair trial" (People v Robinson, 195 AD3d at 951; see People v Jearel, 175 AD3d 565, 566).
GENOVESI, J.P., DOWLING, WAN and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court