THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY WOODHAM, Appellant.—

The complainant testified that he was attacked by the defendant and two other men who were armed with knives and a gun. The defendant grabbed the complainant by the neck, put him against a wall, and punched him all over. The assailants then took a ring, a watch, a calculator, and about $400 in cash from the complainant.

Viewing the evidence in a light most favorable to the prosecution (People v Contes, 60 NY2d 620), we find it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

Although the complainant may have pointed at two others before he identified the defendant, it is undisputed that he ultimately recognized the defendant as the man who punched him in the stomach. Moreover, the complainant saw the defendant in well-lit areas three times on the day of the incident. Finally, the defendant's contention that a witness for the People should not have been believed by the jury because she was an acknowledged thief and prostitute who confessed

that it was her idea to rob the complainant and who testified in exchange for a lighter sentence is without merit. Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88).

The defendant's contention that the court erred in refusing to charge the jury on the corroboration of accomplice testimony is without merit. The defendant neither included this instruction in its charge requests nor in his objections to the charge. "Having failed to specifically request an accomplice instruction or to object to the court's failure to give such a charge, the defendant failed to preserve this claim for appellate review" *(People v Mayo,* 136 AD2d 748). In any event, any error in omitting the accomplice instruction was "harmless since the record contains ample corroborating evidence connecting the defendant to the crime so as to reasonably satisfy the jury that the accomplice was telling the truth" *(People v Mayo, supra,* at 749).

The defendant's contention that he did not have an opportunity to review the record upon which his sentence as a second violent felony offender was based is without merit. The People contend that the "[d]efendant first had notice that the People intended to declare him a predicate violent felon for purposes of sentencing * * * over a year before the trial began". At his sentencing, the defendant failed to show that his predicate violent felony conviction was unconstitutionally obtained. In any case, after reviewing the minutes of the plea proceedings with respect to the prior conviction, we conclude that the defendant was aware of his rights and the alternatives available to him when he pleaded guilty. Thus, that conviction was properly considered in determining his status as a second violent felony offender *(see, People v Foley,* 96 AD2d 866). Mollen, P. J., Lawrence, Rosenblatt and Miller, JJ., concur.