■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEVI WILKINS, Appellant. [599 NYS2d 49] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Ryan, J.), rendered March 12, 1980, convicting him of criminal possession of a controlled substance in the first degree (two counts), criminally using drug paraphernalia in the second degree (two counts), and criminal possession of marihuana

in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends, among other things, that his conviction should be reversed and his indictment dismissed because the Grand Jury indicted him on charges which were not contained in the original felony complaint. We disagree. First, the defendant waived any challenge to the propriety of the Grand Jury proceedings by failing to move to dismiss the indictment on these grounds (see, CPL 210.20 [2]; 255.20 [1]; *People v Iannone,* 45 NY2d 589, 600; *People v Lowen,* 100 AD2d 518, 519). In any event, CPL 190.65 (2) clearly states that "The offense or offenses for which a grand jury may indict a person in any particular case are not limited to that or those which may have been designated, at the commencement of the grand jury proceeding, to be the subject of the inquiry". Furthermore, CPL 190.55 (2) (c) states that the District Attorney "may submit to the grand jury *any* available evidence concerning an offense prosecutable in the courts of the county" (emphasis supplied). Thus, the Grand Jury is not limited to consideration of only those charges which may have been contained in a prior felony complaint.

The defendant also contends that he was denied the effective assistance of counsel. Again, we disagree. Viewing counsel's performance "in its entirety, in conjunction with the evidence, the law, and the circumstances of the case" *(People v Vanterpool,* 143 AD2d 282; *People v Baldi,* 54 NY2d 137, 147), we are satisfied that the defendant received the effective assistance of counsel.

We have examined the defendant's remaining contentions and find them to be without merit. Sullivan, J. P., O'Brien, Pizzuto and Joy, JJ., concur.