■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SYLVESTER KILLINGS, Appellant. [606 NYS2d 747] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Sherman, J.), rendered June 20, 1991, convicting him of robbery in the second degree and unlawful imprisonment in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony and statements made by him to the police.

Ordered that the judgment is affirmed.

Viewing the evidence in a light most favorable to the People *(People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish that the defendant acted together with the codefendant in committing the crimes of robbery in the second degree and unlawful imprisonment in the first degree. The evidence established that the defendant acted with the codefendant in stealing money and jewelry from the victim by physically threatening him. There was also evidence that the codefendant and the defendant forced the victim to ride in a car with them and that the codefendant, who was driving, did not know how to operate the car. In addition, the People presented evidence of the defendant's confession to acts which constitute the crimes of which he was found guilty.

The jury was free to disbelieve all or part of the defendant's account of his involvement in the incident as well as his testimony as to how his statement was obtained. Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Ritter, J. P., Copertino, Pizzuto and Joy, JJ., concur.