■ In the Matter of DAMION A., a Person Alleged to be a Juvenile Delinquent, Appellant. [630 NYS2d 802] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (McLeod, J.), dated May 2, 1994, which, upon a fact-finding order of the same court, dated February 28, 1994, made after a hearing, finding that the appellant had committed an act which, if committed by an adult, would have constituted the crime of unauthorized use of a vehicle in the third degree, adjudged him to be a juvenile delinquent and placed him with the Division for Youth for a period of up to twelve months. The appeal brings up for review the fact-finding order dated February 28, 1994.

Ordered that the order of disposition is affirmed, without costs or disbursements.

Viewing the evidence in the light most favorable to the presentment agency *(see, People v Contes,* 60 NY2d 620), we find it was legally sufficient to establish the appellant's guilt beyond a reasonable doubt *(see, People v Roby,* 39 NY2d 69; *People v Mc-Caleb,* 25 NY2d 394; *Matter of Jamal C.,* 186 AD2d 562). The appellant's contention that the arresting officer's testimony was incredible and unworthy of belief is without merit. It is well settled that resolution of issues of credibility, as well as the weight to be accorded the evidence, are primarily questions to be determined by the trier of fact, who saw and heard the witnesses *(see, People v Woodham,* 158 AD2d 494, 495), and the trier of fact's determination should be given great weight and should not be disturbed unless clearly unsupported by the record *(see, People v Carter,* 63 NY2d 530, 539; *Matter of Michael D.,* 109 AD2d 633, 634, *affd* 66 NY2d 843).

Moreover, upon the exercise of our factual review power, we are satisfied that the fact-finding order was not against the

weight of the evidence *(cf.,* CPL 470.15 [5]). Balletta, J. P., Copertino, Pizzuto and Krausman, JJ., concur.