■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY WOODFORD, Appellant. [688 NYS2d 167] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Dabiri, J.), rendered July 8, 1996, convicting him of assault in the third degree, attempted assault in the third degree, menacing in the second degree (two counts), endangering the welfare of a child (six counts), and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reducing the defendant's conviction of assault in the third degree to attempted assault in the third degree, and vacating the sentence imposed thereon; as so modified, the judgment is affirmed.

The defendant contends that he was denied a fair trial by the admission of testimony relating to a prior uncharged crime (*see, People v Molineux,* 168 NY 264). We disagree. Initially we note that many of the defendant's claims in this regard have not been preserved for appellate review (CPL 470.05 [2]). In any event, evidence that on one prior occasion the defendant threatened his wife and mother-in-law with a gun was properly admitted for the limited purpose of refuting the defendant's claim that he did not own or use a gun during the attack in question (*see, People v Hagi,* 169 AD2d 203).

We agree with the defendant that the evidence was not legally sufficient to establish his guilt of assault in the third degree. However, the evidence was legally sufficient to establish his guilt of the lesser-included offense of attempted assault in the third degree (*see,* CPL 470.15 [2] [a]). Upon the exercise of our factual review power, we are satisfied that the verdict on the other counts is not against the weight of the evidence (*see,* CPL 470.15 [5]).

As the defendant had already served in excess of the

maximum term for attempted assault in the third degree, there is no need to remit the matter for resentencing (*see, People v Bernard,* 123 AD2d 324). Bracken, J. P., Sullivan, Altman and McGinity, JJ., concur.