■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MACFEL ACCELY, Appellant. [707 NYS2d 191] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Friedman, J.), rendered March 9, 1998, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The evidence adduced at trial, including the defendant's videotaped statement and his trial testimony, established that the defendant acted as the getaway driver. The defendant drove his cohorts to the immediate vicinity of the robbery, parked two blocks away from the store where the robbery took place, watched his accomplices exchange loaded guns, waited for their return, and drove one of the principals to dispose of two guns. In his trial testimony, the defendant acknowledged that he knew his accomplices were planning to rob the store. In his videotaped statement, he admitted that he agreed to accept whatever share of the proceeds they offered him.

Viewing the evidence in the light most favorable to the People (see, *People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of the crime of robbery in the first degree under an accomplice theory of liability beyond a reasonable doubt (see, Penal Law § 160.15 [2]; § 20.00). Moreover, resolution of issues of credibility, as well as the weight to be accorded the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (see, *People v Gaimari,* 176 NY 84, 94). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]). Indeed, the evidence of the defendant's guilt was overwhelming.

We further find that, in totality, the trial court, having read verbatim Penal Law § 20.00 defining criminal liability for the conduct of another, and having instructed the jury on the elements of robbery in the first degree, correctly instructed the jury with respect to the intent necessary (see, *People v Kaplan,* 76 NY2d 140; *People v Latchman,* 251 AD2d 683).

The defendant's remaining contention is without merit. Bracken, J. P., O'Brien, Krausman and Goldstein, JJ., concur.