■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY AYALA, Appellant. [720 NYS2d 407] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Knipel, J.), rendered December 22, 1998, convicting him of sodomy in the first degree (16 counts), sodomy in the second degree (15 counts), and sodomy in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the trial court did not improperly limit the defense counsel's cross-examination of the complainant. The law is well settled that the nature and extent of cross-examination are matters within the court's sound discretion (*see, People v Hudy,* 73 NY2d 40, 56; *People v Duffy,* 36 NY2d 258; *People v McGriff,* 201 AD2d 672; *People v Boyajian,* 148 AD2d 740, 741).

The defendant's sentence was not excessive (*see, People v Suitte,* 90 AD2d 80, 85).

The defendant's remaining contention is without merit. Santucci, J. P., S. Miller, Florio and Schmidt, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER E. BURTON, Appellant. [720 NYS2d 387] —Appeal by the defendant from a judgment of the County Court, Dutchess County (Dolan, J.), rendered March 1, 2000, convicting him of burglary in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (*see, Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; *cf., People v Gonzalez,* 47 NY2d 606). O'Brien, J. P., Friedmann, Goldstein and Smith, JJ., concur.