■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD HALLINGQUEST, Appellant. [742 NYS2d 919] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Starkey, J.), rendered May 19, 1999, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's challenge to the trial court's *Sandoval* ruling (*see People v Sandoval,* 34 NY2d 371) is without merit. The trial court providently exercised its discretion in permitting inquiry into two of the defendants' 12 prior convictions, and in allowing questioning as to the underlying facts of those two convictions. The trial court's ruling struck an appropriate balance between the probative value of the defendant's prior crimes on the issue of his credibility and the possible prejudice to him (*see People v Malave,* 288 AD2d 237; *People v Scarpulla,* 238 AD2d 359). The mere fact that the two prior convictions into which inquiry was permitted were similar in nature to the instant offenses did not warrant their preclusion (*see People v Rahman,* 46 NY2d 882). A defendant is not shielded from impeachment because he specializes in one type of criminal activity (*see People v Pavao,* 59 NY2d 282; *People v Malave, supra; People v Sokolov,* 245 AD2d 317). In addition, the trial court properly exercised its discretion in denying the defendant's mistrial motion made after the jury issued notes indicat-

ing it was deadlocked, and properly delivered *Allen* charges (*see Allen v United States,* 164 US 492; *People v Jackson,* 291 AD2d 268).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80).

The remaining contention raised in the defendant's supplemental pro se brief is without merit. Smith, J.P., O'Brien, H. Miller and Cozier, JJ., concur.