■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRANDON MEJIAS, Appellant. [745 NYS2d 726] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Ruchelsman, J.), rendered February 26, 1999, convicting him of burglary in the second degree, criminal mischief in the fourth degree, possession of burglar's tools, and petit larceny, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt of the crimes of burglary in the second degree, criminal mischief in the fourth degree, and petit larceny under an accomplice theory of liability (*see* Penal Law § 160.15 [2]; § 20.00). The evidence was also legally sufficient to establish the defendant's guilt of the crime of possession of burglar's tools. Moreover, resolution of issues of credibility, as well as the weight to be accorded the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see People v Gaimari,* 176 NY 84, 94). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The trial court, having read verbatim Penal Law § 20.00 defining criminal liability for the conduct of another, and having instructed the jury on the elements of burglary in the second degree and the remaining counts, correctly instructed the jury with respect to the issue of intent (*see People v Kaplan,* 76 NY2d 140; *People v Accely,* 272 AD2d 337; *People v Latchman,* 251 AD2d 683).

The defendant's arguments regarding alleged prosecutorial misconduct during summation are largely unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Dien,* 77 NY2d 885; *People v Nuccie,* 57 NY2d 818). In any event, the comments alleged to be inflammatory and prejudicial were either fair comment on the evidence (*see People v Ashwal,* 39 NY2d 105) or responsive to arguments presented in the defense counsel's summation (*see People v Galloway,* 54 NY2d 396).

The defendant's remaining contentions, including those raised in his supplemental pro se brief, are either unpreserved for appellate review or without merit. Santucci, J.P., S. Miller, Goldstein and Townes, JJ., concur.