■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH S. HIRSCH, Appellant. [750 NYS2d 512] —Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Copertino, J.), rendered January 3, 2002, convicting him of sexual abuse in the first degree (two counts), assault in the second degree (two counts), and unlawful imprisonment in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The defendant's arguments regarding alleged prosecutorial misconduct during summation are largely unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Mejias,* 296 AD2d 583, 584). In any event, the remarks alleged to be inflammatory and prejudicial constituted fair comment on the evidence (*see People v Ashwal,* 39 NY2d 105; *People v Pretlow,* 292 AD2d 468), were responsive to arguments presented in the defense counsel's summation (*see People v Galloway,* 54 NY2d 396), or were harmless under the circumstances (*see People v Brosnan,* 32 NY2d 254, 262). Moreover, the trial court acted promptly to cure any prejudicial effect that may have resulted (*see People v Galloway, supra* at 399; *People v Armonte,* 287 AD2d 645, 646).

The defendant's remaining contentions are without merit. Florio, J.P., Krausman, Townes and Crane, JJ., concur.