■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RENZZO RODRIGUEZ, Appellant. [767 NYS2d 820]—

Appeal by the defendant from a judgment of the County Court, Nassau County (Calabrese, J.), rendered May 4, 2001, convicting him of assault in the first degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The law is well settled that the nature and extent of cross examination are matters within the trial court's sound discretion (*see People v Hudy,* 73 NY2d 40, 56 [1988]; *People v McGriff,* 201 AD2d 672, 673 [1994]). Here, the trial court providently exercised its discretion in permitting the prosecutor to cross-examine the defendant's girlfriend about the removal of the girlfriend's children from her custody by the Nassau County child protective services agency due to physical abuse (*see People v Ayala,* 280 AD2d 552 [2001]; *People v English,* 126 AD2d 738 [1987]; *People v Batista,* 113 AD2d 890 [1985]).

The defendant's arguments regarding alleged prosecutorial misconduct during summation are largely unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hirsch,* 299 AD2d 559 [2002]; *People v Mejias,* 296 AD2d 583, 584 [2002]). In any

event, the challenged remarks constituted fair comment on the evidence (*see People v Ashwal*, 39 NY2d 105 [1976]), were responsive to arguments presented in the defense counsel's summation (*see People v Galloway*, 54 NY2d 396 [1981]), or were harmless in light of the overwhelming evidence of the defendant's guilt (*see People v Crimmins*, 36 NY2d 230 [1975]). Santucci, J.P., McGinity, Schmidt and Adams, JJ., concur.