■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE DAHLBENDER, Appellant. [805 NYS2d 597]—

Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Copertino, J.), rendered January 8, 2001, convicting him of murder in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court properly denied the defendant's motion to dismiss the indictment on the ground of an alleged violation of his right to testify before the grand jury. As this Court has stated, the plain meaning of CPL 190.50 (5) (a) "compels the

conclusion that the prosecutor had no duty to inform the defendant of his right to testify before the Grand Jury, as he was not arraigned in a local criminal court upon the felony complaint" (*People v Brooks,* 247 AD2d 486 [1998]; *see People v Brown,* 14 AD3d 356 [2005]; *People v Munoz,* 207 AD2d 418, 419 [1994]).

In addition, the defendant's challenge to the trial court's *Sandoval* ruling (*see People v Sandoval,* 34 NY2d 371 [1974]) is without merit. The trial court's ruling struck an appropriate balance between the probative value of the defendant's prior crimes on the issue of his credibility and the possible prejudice to him (*see People v Malave,* 288 AD2d 237 [2001]; *People v Scarpulla,* 238 AD2d 359 [1997]). The mere fact that the prior convictions into which inquiry was permitted were similar in nature to the instant offenses did not warrant their preclusion (*see People v Rahman,* 46 NY2d 882 [1979]; *People v Hallingquest,* 295 AD2d 364 [2002]). A defendant is not shielded from impeachment because he specializes in one type of criminal activity (*see People v Pavao,* 59 NY2d 282 [1983]; *People v Malave, supra; People v Sokolov,* 245 AD2d 317 [1997]).

The defendant's claim that he was denied a fair trial when the court permitted the prosecutor to introduce evidence of uncharged crimes and prior bad acts is not preserved for appellate review as the defendant failed to object to the alleged errors at trial (*see* CPL 470.05 [2]; *People v Gagliardo,* 307 AD2d 934 [2003]; *People v Taylor,* 302 AD2d 480 [2003]; *People v Woodford,* 259 AD2d 717 [1999]; *People v Cody,* 149 AD2d 722 [1989]). In any event, the trial court properly admitted evidence of uncharged crimes committed by the defendant since they were inextricably interwoven with the narrative of events, and since it was necessary background information to explain to the jury the relationship between the defendant on the one hand, and the victim and a prosecution witness on the other hand (*see People v Vails,* 43 NY2d 364 [1977]; *People v Samlal,* 292 AD2d 400 [2002]; *People v Monzon,* 289 AD2d 595 [2001]).

Further, the defendant's arguments regarding alleged prosecutorial misconduct during summation are largely unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Rodriguez,* 2 AD3d 464, 464-465 [2003]; *People v Hirsch,* 299 AD2d 559 [2002]; *People v Mejias,* 296 AD2d 583, 584 [2002]). In any event, the challenged remarks constituted fair comment on the evidence (*see People v Ashwal,* 39 NY2d 105 [1976]), were responsive to arguments presented in the defense counsel's summation (*see People v Galloway,* 54 NY2d 396 [1981]), or were harmless in light of the overwhelming evidence of the defendant's guilt (*see People v Crimmins,* 36 NY2d 230 [1975]).

The defendant failed to preserve for appellate review his contention that the evidence was legally insufficient to establish his guilt of two counts of murder in the second degree beyond a reasonable doubt (*see People v Lambert,* 272 AD2d 413 [2000]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt.

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]). Adams, J.P., Luciano, Skelos and Lifson, JJ., concur.