■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KYLE SIRIANI, Appellant. [811 NYS2d 127]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Chambers, J.), rendered September 4, 2003, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the prosecutor violated the Supreme Court's *Sandoval* ruling (*see People v Sandoval,* 34 NY2d 371 [1974]) is unpreserved for appellate review because the defendant failed to raise a specific objection on that ground to the prosecutor's cross-examination at trial (*see People v Booth,* 265 AD2d 485 [1999]; *People v Wilkens,* 239 AD2d 105, 106 [1997]). In any event, while the prosecutor may have exceeded the scope of the court's *Sandoval* ruling by eliciting the underlying facts of the defendant's prior burglary convictions, the error was harmless in light of the overwhelming evidence of the defendant's guilt (*see People v Crimmins,* 36 NY2d 230 [1975]; *People v Perry,* 305 AD2d 274 [2003]; *People v Julien,* 182 AD2d 642, 643 [1992]). The defendant's fingerprint was found on a jewelry box inside the burglarized apartment and the jewelry which was missing from the apartment was found in his possession.

The defendant's contention that the prosecutor's remarks during summation deprived him of a fair trial is unpreserved for appellate review because he failed to object to those specific remarks at trial (*see People v Anderson,* 24 AD3d 460 [2005]; *People v Williams,* 303 AD2d 772 [2003]; *People v Hughes,* 280 AD2d 694 [2001]). In any event, the prosecutor's remarks that the defendant's testimony was "fantastical" and was tailored to the People's proof was a fair response to the defendant's testimony and the defense counsel's summation (*see People v Allien,* 302 AD2d 468 [2003]; *People v Lowery,* 281 AD2d 491 [2001]) and did not deprive the defendant of a fair trial (*see People v Thornton,* 4 AD3d 561, 562 [2004]).

The defendant's remaining contention is unpreserved for appellate review (*see People v Rosen,* 96 NY2d 329, 335 [2001], *cert denied* 534 US 899 [2001]; *People v Rice,* 285 AD2d 617 [2001]) and, in any event, is without merit. Miller, J.P., Luciano, Lunn and Dillon, JJ., concur.