■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TEDDY LEWIS, Appellant. [818 NYS2d 615]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kron, J.), rendered April 20, 2004, convicting him of robbery in first degree, criminal possession of a weapon in the third degree, and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's challenge in his supplemental pro se brief to the legal sufficiency of the evidence is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10, 19-20 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

Furthermore, the defendant's challenge to the trial court's *Sandoval* ruling (*see People v Sandoval*, 34 NY2d 371 [1974]) is without merit. The trial court's ruling struck an appropriate balance between the probative value of the defendant's prior crimes on the issue of his credibility and the possible prejudice to him (*see People v Malave*, 288 AD2d 237 [2001]; *People v Scarpulla*, 238 AD2d 359 [1997]). The mere fact that the prior convictions into which inquiry was permitted were similar in nature to the instant offenses did not warrant their preclusion (*see People v Rahman*, 46 NY2d 882 [1979]; *People v Hallingquest*, 295 AD2d 364 [2002]), and the defendant is not shielded from impeachment because he specializes in one type of criminal activity (*see People v Pavao*, 59 NY2d 282 [1983]; *People v Malave, supra; People v Sokolov*, 245 AD2d 317 [1997]).

The defendant's remaining contention is unpreserved for appellate review and, in any event, without merit. Miller, J.P., Ritter, Goldstein and Lunn, JJ., concur.