THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KIM RAGLAND, Appellant. [829 NYS2d 189]—

Appeal by the defendant from a judgment of the County Court, Rockland County (Kelly, J.), rendered April 1, 2003, convicting him of burglary in the second degree and possession of burglar's tools, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the indictment was not defective (*see People v Wilkins*, 194 AD2d 638, 639 [1993]; CPL 190.65 [2]). The defendant's contention that perjured

testimony was submitted to the grand jury is not reviewable, since the judgment of conviction was based upon legally sufficient trial evidence (see *People v Nealy*, 32 AD3d 400 [2006]). His contention that he was deprived of *Rosario* material (see *People v Rosario*, 9 NY2d 286 [1961], *cert denied* 368 US 866 [1961]) is not supported by the record (see *People v Diaz*, 220 AD2d 260, 261 [1995]).

Moreover, the prosecutor's comments during a colloquy with the defendant during trial did not deprive the defendant of a fair trial. While cross-examining one of the People's witnesses, the defendant, who represented himself at trial, stated to the witness, "it's my word against yours." In response, the prosecutor objected and the court sustained the objection. Nevertheless, the defendant essentially repeated the comment, to which the prosecutor responded, "You can take the stand. You can tell that to the jury later on in your summation." Under the circumstances, the prosecutor's comment merely advised the defendant of the proper options open to him, and did not deprive the defendant of a fair trial. In any event, the court immediately instructed the jury that although the defendant was not required to take the stand or "do anything," his comment was improper (see *People v Williams [Michael]*, 14 AD3d 519 [2005]).

The sentence imposed was not illegal (see Penal Law § 70.02 [1] [b]; [3] [b]).

The defendant's remaining contentions are without merit. Rivera, J.P., Krausman, Goldstein and Lunn, JJ., concur.