■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KAREN FOTIOU, Appellant. [834 NYS2d 319]—

Appeal by the defendant from two judgments of the Supreme Court, Queens County (Eng, J.), both rendered September 29, 2004, convicting her of grand larceny in the third degree (four counts), grand larceny in the fourth degree (four counts), scheme to defraud in the first degree, falsifying business records in the first degree (two counts), and practicing or appearing as an attorney-at-law without being admitted and registered under indictment No. 3158/02, and offering a false instrument for filing in the first degree and criminal possession of a forged instrument in the third degree under indictment No. 1635/03, upon jury verdicts, and imposing sentence.

Ordered that the judgments are affirmed.

The defendant's challenge to the *Sandoval* ruling (*see People v Sandoval,* 34 NY2d 371 [1974]) is without merit. The court providently exercised its discretion in permitting inquiry into two of the defendant's three prior convictions, and in allowing questioning as to the underlying facts of one of those two convictions (*see People v Hayes,* 97 NY2d 203, 207 [2002]; *People v Williams,* 24 AD3d 882, 883 [2005]; *People v Hallingquest,* 295 AD2d 364 [2002]). The court struck an appropriate balance between the probative value of the defendant's prior convictions on the issue of her credibility and the possible prejudice to her (*see People v Lewis,* 31 AD3d 788, 789 [2006]; *People v Celleri,*

29 AD3d 707 [2006]). The mere fact that the prior convictions into which inquiry was permitted was similar or even identical in nature to the instant offenses did not warrant their preclusion (*see People v Dahlbender,* 23 AD3d 493, 494 [2005]; *People v Pender,* 221 AD2d 573 [1995]; *People v Torres,* 110 AD2d 794, 795 [1985]), and the defendant is not shielded from impeachment because she specializes in one type of criminal activity (*see People v Pavao,* 59 NY2d 282, 292 [1983]; *People v Louisias,* 29 AD3d 1017, 1020 [2006]; *People v Malave,* 288 AD2d 237 [2001]). The prior offenses bore directly upon the defendant's veracity and willingness to place her interests above those of society (*see People v McLaurin,* 33 AD3d 819 [2006]; *People v Quiller,* 298 AD2d 712, 713 [2002]). Finally, the fact that some of the convictions were about 10 to 20 years old does not, in and of itself, require preclusion of those convictions for impeachment purposes (*see People v Myron,* 28 AD3d 681, 683 [2006]; *People v Washington,* 240 AD2d 521, 522 [1997]; *People v Smilovich,* 157 AD2d 809, 810 [1990]). Schmidt, J.P., Mastro, Carni and Dickerson, JJ., concur.