■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD HAYES, Appellant. [843 NYS2d 175]—

Appeals by the defendant from (1) a judgment of the Supreme Court, Queens County (Spires, J.), rendered June 18, 2002, convicting him of robbery in the first degree, robbery in the second degree, criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree (two counts), and criminal possession of stolen property in the third degree under indictment No. 3982/00, upon a jury verdict, and (2) a judgment of the same court (Dunlop, J.), rendered March 19, 2003, convicting him of robbery in the first degree under indictment No. 480/01, upon his plea of guilty, and imposing sentences. The appeal from the judgment rendered June 18, 2002, brings up for review the denial, after a hearing (Katz, J.), of those branches of the defendant's omnibus motion under indictment No. 3982/00 which were to suppress physical evidence, identification testimony, and his statements to law enforcement authorities.

Ordered that the judgments are affirmed.

The defendant's challenge to the court's *Sandoval* ruling (*see People v Sandoval*, 34 NY2d 371 [1974]) is without merit. The ruling, which, inter alia, allowed the prosecutor to question the defendant, should he choose to testify, about the underlying facts of two of his six prior convictions, struck a proper balance between the probative value of the evidence of his criminal background and the possible prejudice to him (*see People v Fotiou*, 39 AD3d 877 [2007]; *People v Beverly*, 35 AD3d 754 [2006]; *People v Lewis*, 31 AD3d 788, 789 [2006]). The fact that the two convictions into which inquiry on the underlying facts was permitted also involved robberies did not warrant their preclusion (*see People v Fotiou, supra; People v Dahlbender*, 23 AD3d 493, 494 [2005]; *People v Gonzalez*, 221 AD2d 203, 206 [1995]).

To the extent that the defendant's claims of ineffective assistance of counsel are based upon matter dehors the record, they may not be reviewed on direct appeal (*see People v Sabatino*, 41 AD3d 871 [2007]; *People v Williams*, 41 AD3d 517 [2007]; *People v Gillespie*, 36 AD3d 626 [2007]). Insofar as we are able to review these claims, we find that defense counsel provided the defendant with meaningful representation (*see People v Henry*, 95 NY2d 563, 565 [2000]; *People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Baldi*, 54 NY2d 137, 147 [1981]).

The defendant's contention that indictment No. 3982/00

should have been dismissed because perjured testimony was submitted to the grand jury is not reviewable since the judgment of conviction was based upon legally sufficient trial evidence (*see People v Ragland*, 36 AD3d 943 [2007]; *People v Nealy*, 32 AD3d 400 [2006]), and his remaining contentions are unpreserved for appellate review. Spolzino, J.P., Krausman, Fisher and Angiolillo, JJ., concur.