■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RILEY WILLIAMS, Appellant. [854 NYS2d 152]—

The Supreme Court has wide discretion in making evidentiary rulings, and those rulings should not be disturbed on appeal absent an improvident exercise of discretion. The trial court's discretion in this regard "is circumscribed by the rules of evidence and the defendant's constitutional right to present a defense" (*People v Carroll,* 95 NY2d 375, 385 [2000]).

The Court of Appeals has ruled that it is within the trial court's discretion to allow the People to impeach a defendant's credibility with prior convictions, should he or she choose to take the stand (*see People v Mattiace,* 77 NY2d 269, 274-275 [1990]; *People v Sandoval,* 34 NY2d 371 [1974]). The court must strike an appropriate balance between the probative value of the defendant's prior crimes on the issue of credibility and the possible prejudice to the defendant (*see People v Springer,* 13 AD3d 657, 658 [2004]). The defendant bears the burden of demonstrating that "the prejudicial effect of admitting the prior conviction would so outweigh the probative worth on the issue

of credibility as to warrant its exclusion" (*People v Brooks*, 104 AD2d 999, 999 [1984]).

"That the number of prior convictions ruled admissible [is] large and that some of those prior convictions [are] remote in time are matters of substance that may properly be considered by the trial court but are not appropriate bases for this Court to second-guess the trial court's conclusion" (*People v Walker*, 83 NY2d 455, 459 [1994]). Moreover, "[t]he mere fact that defendant has an extensive misdemeanor record does not, per se, lead inevitably to the conclusion that some inquiry into that record would establish that defendant had a propensity for crime" (*People v Coe*, 165 AD2d 721, 722 [1990]).

Here, the Supreme Court providently exercised its discretion in allowing inquiry into the defendant's prior convictions. Although the defendant declared his intention not to take the stand, the court ruled that, should the defendant choose to testify, the People could inquire into the defendant's lone felony conviction from 1980, as well as 45 misdemeanor convictions, on the ground that they demonstrated the defendant's willingness to place his own interests above those of society. However, the court minimized the prejudice to the defendant by ruling that the People could not inquire into the underlying facts of any of the convictions. Lifson, J.P., Ritter, Florio and Carni, JJ., concur.