■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN MARTINEZ, Appellant. [880 NYS2d 492]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Latella, J.), rendered February 26, 2007, convicting him of gang assault in the first degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the verdict was against the weight of the evidence is without merit. In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson,* 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo,* 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley,* 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evi-

dence (*see People v Romero,* 7 NY3d 633 [2006]). In this regard, the purported inconsistencies in the jury's verdict do not support the defendant's argument. The verdict was not repugnant as a matter of law (*see People v Tucker,* 55 NY2d 1 [1981]). Moreover, under the circumstances, the jury was free to accept or reject portions of the testimony presented to it (*see People v Donovan,* 58 AD3d 640 [2009]), and the jurors may have exercised mercy in rendering their verdict, which is not a ground for reversal in this case (*see People v Rayam,* 94 NY2d 557 [2000]).

Contrary to the defendant's contention, the court did not err in rejecting his proffered jury instruction on the issue of attenuation, and the court's charge adequately conveyed to the jury the appropriate legal standard to be applied in evaluating the voluntariness of the defendant's statements (*see People v Rabady,* 28 AD3d 794, 795 [2006]). Mastro, J.P., Skelos, Dickerson and Lott, JJ., concur.