■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODNEY WARD, Appellant. [885 NYS2d 209]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Chun, J.), rendered April 11, 2007, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant failed to preserve for appellate review his contention that the prosecution did not disprove his justification defense by legally sufficient evidence (*see* CPL 470.05 [2]; *People v Hawkins,* 11 NY3d 484, 491-492 [2008]; *People v Gray,* 86 NY2d 10, 19 [1995]; *People v Garguilio,* 57 AD3d 797 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to disprove the justification defense and to establish the defendant's guilt of murder in the second degree beyond a reasonable doubt (*see People v Pickens,* 60 AD3d 699 [2009]; *People v Wahedi,* 301 AD2d 541, 542 [2003]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence

(*see* CPL 470.15 [5]; *People v Danielson,* 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo,* 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley,* 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]).

The defendant's challenge to the Supreme Court's *Sandoval* ruling (*see People v Sandoval,* 34 NY2d 371 [1974]) also is without merit. The Supreme Court properly weighed the probative value of the defendant's prior criminal acts on the issue of his credibility against the possible prejudice to him and reached an appropriate compromise ruling (*see People v Mathis,* 55 AD3d 628 [2008]; *People v Fotiou,* 39 AD3d 877, 877-878 [2007]; *People v Springer,* 13 AD3d 657, 658 [2004]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]). Prudenti, P.J., Miller, Covello and Austin, JJ., concur.