■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK C. HAUGH, Appellant. [923 NYS2d 891]—

Appeal by the defendant from a judgment of the County Court, Dutchess County (Dolan, J.), rendered September 7, 2006, convicting him of attempted assault in the first degree, assault in the second degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The County Court's *Sandoval* ruling (*see People v Sandoval*, 34 NY2d 371 [1974]) properly balanced the probative value of the evidence of the defendant's criminal background and the possible prejudice to him (*see People v Harris*, 74 AD3d 984 [2010]; *People v Ward*, 65 AD3d 1172, 1173 [2009]; *People v Hayes*, 44 AD3d 683 [2007]). The fact that the defendant's previous conviction took place 10 years earlier does not, by itself, warrant its preclusion for impeachment purposes (*see People v White*, 60 AD3d 1095, 1096 [2009]; *People v Fotiou*, 39 AD3d 877, 878 [2007]).

The defendant's contention that the evidence was legally insufficient to establish his guilt beyond a reasonable doubt is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]; *People v Clemmons*, 83 AD3d 859 [2011]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to estab-

lish the defendant's guilt beyond a reasonable doubt (*see People v Serrano*, 74 AD3d 1104, 1105-1106 [2010]; *Matter of Sean R.*, 33 AD3d 925 [2006]; *People v Samwell*, 287 AD2d 663 [2001]; *People v Smalls*, 282 AD2d 694, 695 [2001]). Moreover, upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]; *People v Romero*, 7 NY3d 633 [2006]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Rivera, J.P., Balkin, Lott and Austin, JJ., concur.