Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kohm, J.), rendered December 19, 2007, convicting him of robbery in the first degree, robbery in the second degree (two counts), burglary in the first degree, and menacing in the second degree, upon a jury verdict, and imposing sentence.
Ordered that the judgment is affirmed.
On October 11, 2006, the defendant, along with two other individuals, encountered the complainant in the hallway outside their apartments, punched him, and took $65 from his pocket before fleeing. On November 3, 2006, the defendant, along with two other individuals, forced their way into the same complainant’s apartment, where they held a meat cleaver to his neck and took $100 from his shirt pocket.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that, in connection with the incident on October 11, 2006, the evidence was legally sufficient to establish the defendant’s guilt of robbery in the second degree (see Penal Law § 160.10 [1]; People *653 v Harvey, 76 AD3d 605, 606 [2010]; People v Killings, 200 AD2d 636, 637 [1994]; People v Woodham, 158 AD2d 494 [1990]). Regarding the incident on November 3, 2006, the evidence was legally sufficient to establish the defendant’s guilt of robbery in the first degree (see Penal Law § 160.15 [3]; People v Soares, 80 AD3d 631 [2011]; People v Elliot, 298 AD2d 290 [2002]), robbery in the second degree (see Penal Law § 160.10 [1]; People v Harvey, 76 AD3d at 606; People v Killings, 200 AD2d at 637; People v Woodham, 158 AD2d at 494), burglary in the first degree (see Penal Law § 140.30 [3]), and menacing in the second degree (see Penal Law § 120.14 [1]). In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury’s opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410 [2004], cert denied 542 US 946 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]; People v Kinard, 96 AD3d 976 [2012]). Contrary to the defendant’s contentions, inconsistencies in the complainant’s testimony were fully explored at trial and did not render the complainant’s testimony incredible or unworthy of belief (see People v Schouenborg, 42 AD3d 473 [2007]; People v Hinds, 13 AD3d 554 [2004]; People v Ross, 262 AD2d 429 [1999]).
The defendant’s contention regarding the trial court’s Sandoval ruling (see People v Sandoval, 34 NY2d 371 [1974]) is without merit. The court properly weighed the probative value of the defendant’s prior criminal acts in connection with the issue of credibility against the possible prejudice, and reached an appropriate ruling (see People v Ward, 65 AD3d 1172, 1173 [2009]; People v Fotiou, 39 AD3d 877, 878 [2007]). The fact that a prior conviction for attempted robbery was similar in nature to the instant offenses did not warrant its preclusion (see People v Harris, 74 AD3d at 984; People v Hayes, 44 AD3d 683 [2007]; People v Lewis, 31 AD3d 788, 789 [2006]).
The defendant’s contention that certain of the prosecutor’s summation remarks deprived him of a fair trial is unpreserved for appellate review because defense counsel failed to object to those remarks at trial (see People v Siriani, 27 AD3d 670 [2006]). In any event, statements that the complainant had no motive to lie constituted a fair response to defense counsel’s summation, which attacked the complainant’s credibility (see People v Tiro, 100 AD3d 663 [2012]; People v Tatum, 39 AD3d 571 [2007]; *654 People v Allien, 302 AD2d 468 [2003]; People v Evans, 192 AD2d 671, 672 [1993]; People v Estrella, 156 AD2d 710 [1989]; People v Draksin, 145 AD2d 500 [1988]). The other challenged remarks did not deprive the defendant of a fair trial (see People v Siriani, 27 AD3d at 670; People v Draksin, 145 AD2d at 501).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]). Austin, J.E, Sgroi, Cohen and Hinds-Radix, JJ., concur.