■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERT CROOKS, Appellant. [987 NYS2d 178]—

Appeal by the defendant from a judgment of the County Court, Westchester County (Zambelli, J.), rendered October 2, 2012, convicting him of assault in the first degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court's *Molineux* ruling (*see People v Molineux*, 168 NY 264 [1901]) was a provident exercise of its discretion. The evidence of prior incidents of assaultive behavior by the defendant against his mother, who was the victim in the instant case, was properly ruled admissible. It was probative of the defendant's intent to assault his mother, and also provided background information necessary to explain the tumultuous and acrimonious relationship between the defendant and his mother (*see People v Alnutt*, 107 AD3d 1139, 1142 [2013]; *People v Laverpool*, 267 AD2d 93, 94 [1999]; *People v O'Gara*, 239 AD2d 215 [1997]). The trial court properly balanced the probative value of such evidence against its prejudicial effect (*see People v Alnutt*, 107 AD3d at 1142; *People v Blond*, 96 AD3d 1149, 1150 [2012]).

The trial court's *Sandoval* ruling (*see People v Sandoval*, 34 NY2d 371 [1974]) was also a provident exercise of its discretion.

The defendant's prior convictions were relevant to the issue of his credibility because they demonstrated his willingness to deliberately further his self-interest at the expense of society (*see People v Seymour*, 77 AD3d 976, 978 [2010]; *People v Taylor*, 18 AD3d 783, 784 [2005]; *People v Waltower*, 270 AD2d 435 [2000]). The fact that the prior convictions were similar in nature to the crimes presently charged did not warrant their preclusion (*see People v Hicks*, 84 AD3d 1402 [2011]; *People v Fotiou*, 39 AD3d 877, 878 [2007]; *People v Lewis*, 31 AD3d 788, 789 [2006]). Nor did the fact that the oldest conviction occurred 10 years before the instant offenses require preclusion of that conviction for impeachment purposes (*see People v Haugh*, 84 AD3d 1401 [2011]; *People v Fotiou*, 39 AD3d at 878). The defendant failed to demonstrate that the prejudicial effect of admitting the prior convictions would so outweigh their probative worth with respect to the issue of credibility as to warrant their exclusion (*see People v Vetrano*, 88 AD3d 750 [2011]; *People v Tyrell*, 67 AD3d 827, 828 [2009]; *People v Williams*, 49 AD3d 672 [2008]). The trial court's ruling struck a proper balance between the probative value of the evidence and the possible prejudice to the defendant (*see People v Hayes*, 44 AD3d 683 [2007]; *People v Hallingquest*, 295 AD2d 364 [2002]).

The defendant's contention concerning the legal sufficiency of the evidence is unpreserved for appellate review, as he did not raise the specific contention he now raises on appeal when making his motion for a trial order of dismissal (*see People v Hawkins*, 11 NY3d 484, 491-492 [2008]; *People v Middleton*, 52 AD3d 533 [2008]; *People v Raffaele*, 41 AD3d 869 [2007]). In any event, viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620 [1983]), the evidence was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

Finally, the sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Rivera, J.P., Sgroi, Hinds-Radix and Maltese, JJ., concur.