■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN HUGER, Appellant. [26 NYS3d 131]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Gary, J.), rendered September 28, 2012, convicting him of kidnapping in the second degree and menacing in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to support his conviction of kidnapping in the second degree is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Carncross*, 14 NY3d 319, 324-325 [2010]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt of that crime beyond a reasonable doubt (*see People v Burkhardt*, 81 AD3d 970, 971 [2011]; *People v Salimi*, 159 AD2d 658, 658-659 [1990]).

Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict finding the defendant guilty of kidnapping in the second degree was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]). Although the jury acquitted the defendant on two of the

charged counts, it was not required to disregard the testimony of the complainants in full, since a jury is free to "accept or reject portions of the testimony presented to it" (*People v Mazyck*, 118 AD3d 728, 729 [2014] [internal quotation marks omitted]; *see People v Martinez*, 63 AD3d 859, 860 [2009]). According appropriate deference to the jury's assessment of the witnesses' credibility, we find that the jury's determination not to reject the complainants' testimony in its entirety was reasonable.

Contrary to the defendant's contention, his trial counsel was not ineffective due to his failure to object to a certain jury instruction given by the Supreme Court. The instruction given was not improper, and "[a] defendant is not denied effective assistance of trial counsel merely because counsel does not make a motion or argument that has little or no chance of success" (*People v Stultz*, 2 NY3d 277, 287 [2004]; *see People v Naqvi*, 132 AD3d 779, 780 [2015]). Moreover, when viewed as a whole, the record demonstrates that the defendant received meaningful representation (*see People v Benevento*, 91 NY2d 708, 712 [1998]).

The Supreme Court's *Sandoval* ruling (*see People v Sandoval*, 34 NY2d 371 [1974]) was proper and did not deprive the defendant of a fair trial or his right to testify on his own behalf. In making its ruling, the court engaged in the requisite balancing of the probative value of each of the defendant's nine prior convictions against their prejudicial effect and reached an appropriate compromise ruling that precluded inquiry into three of his convictions and, of the remaining six, permitting inquiry into the underlying facts of only three (*see People v Haugh*, 84 AD3d 1401, 1401 [2011]; *People v Seymour*, 77 AD3d 976, 979 [2010]). The defendant failed to meet his burden of demonstrating that the prejudicial effect of the evidence of his prior convictions so outweighed its probative value that exclusion was warranted (*see People v Vetrano*, 88 AD3d 750, 750 [2011]; *People v Seymour*, 77 AD3d at 979). Dillon, J.P., Cohen, Maltese and Barros, JJ., concur.